NO. 07-02-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 17, 2002

______________________________

ALBERT DUANE MONTOYA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 43,981-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellant Albert Duane Montoya was convicted of indecency with a child and the judgment was signed on April 16, 2002.
(footnote: 1)  On May 31, 2002, appellant filed his notice of appeal, along with a motion for extension of time in which to file it.  Pursuant to Rule 26.3 of the Rules of Appellate Procedure, we may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files his notice of appeal in the trial court and files a motion for extension of time with this court.  May 31 was the last day of the 15-day period permitted by the rules if sentence was imposed in open court on April 16, 2002.  

In filing his motion for extension of time, appellant is required to reasonably explain the need for an extension.  
Jones v. City of Houston, 
976 S.W.2d 676, 677 (Tex. 1998).  That explanation need only consist of a plausible statement of circumstances indicating that the failure to comply with the deadline was not deliberate or intentional, but the result of inadvertence, mistake, or mischance.  
Garcia v. Kastner Farms, Inc., 
774 S.W.2d 668, 670 (Tex. 1989).  Thus, default arising from negligence is a reasonable excuse.  
Id.  

Appellant states in his motion only that he seeks additional time because “attorney for Appellant was out of office attending CLE courses and on vacation.”  We note that counsel was appointed to represent appellant in his appeal on April 16, 2002, approximately six weeks prior to the date his notice of appeal was filed.  Counsel does not provide us with the dates of his CLE courses and vacation, and we are thus unable to tell whether they took up the majority of this period or even took place during the time the notice of appeal was due to be filed.  However, from the nature of these engagements, counsel was presumably aware of them sometime prior to the time they occurred and could therefore have had some opportunity to make arrangements to meet the deadline in spite of them.   

In 
Kidd v. Paxton, 
1 S.W.3d 309 (Tex.App.--Amarillo 1999, pet. denied), counsel claimed he was preoccupied with other duties which prevented him from timely filing the notice of appeal.  Although he informed this court of the nature of the cases which distracted him, he did not state how these matters interfered with his performance or the dates on which the matters were set.  We found that merely stating that one had an abundance of other work was insufficient to provide the court with the information necessary to determine whether his conduct fell short of intentional or deliberate conduct.  
Id. 
at 311. 

Similarly, we are unable to tell from the information in appellant’s motion whether he deliberately chose to file the notice of appeal after his CLE courses and vacation were completed, he forgot to file the notice of appeal because of these obligations, or  something about the timing of these engagements prevented him from doing so.  Thus, we cannot make a determination from the facts provided that appellant’s explanation is a plausible statement of circumstances showing that the failure to comply was not deliberate or intentional.

For this reason, appellant’s motion for extension of time to file his notice of appeal is overruled, and the appeal is dismissed for lack of jurisdiction. 

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
Notice of appeal is due within 30 days after the day sentence is imposed or suspended in open court, not the day the judgment is signed.  
Rodarte v. State, 
860 S.W.2d 108, 109-10 (Tex.Crim.App. 1993).  We have nothing in the file of this case at this time to indicate to us when sentence was imposed.