NUMBER 13-02-705-CV


 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI

__________________________________________________________________

LAURA SALDANA, APPELLANT,



 v.



CITY OF BROWNSVILLE AND ANGEL GOMEZ, APPELLEES. 

__________________________________________________________________

 On appeal from the County Court at Law No. 3

 of Cameron County, Texas.

__________________________________________________________________



 MEMORANDUM OPINION 

Before Justices Hinojosa, Yañez, and Rodriguez

Opinion Per Curiam

 

In this case, appellant, Laura Saldana, challenges a summary judgment granted in favor of appellees, City of Brownsville
and Angel Gomez. We conclude this Court retains jurisdiction over her appeal, and accordingly grant appellant's motion to
extend time to perfect appeal, and deny appellees' motion to dismiss the appeal for want of jurisdiction. See Tex. R. App.
P. 42.3(a).

Following piecemeal disposition of the case through the rendition of several partial summary judgments, the trial court
granted final judgment for appellees on August 28, 2002. Appellant filed a motion for new trial on September 19, 2002.

Normally, a notice of appeal is due thirty days after the signing of a final order. Tex. R. App. P. 26.1. In this case,
appellant extended her appellate deadlines by filing a motion for new trial. See Tex. R. App. P. 26.1(a)(1). Accordingly,
appellant's notice of appeal was due ninety days after the final judgment was signed, or November 26, 2002. See id.; In re
Bennett, 960 S.W.35, 38 (Tex. 1997); Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). However,
appellant's notice of appeal was not filed until December 11, 2002, more than ninety days after the final judgment was
entered. 

An appellate court may extend the time to file a notice of appeal provided that, within fifteen days after the filing deadline,
a party files a motion to extend the time to file that complies with rule 10.5 of the rules of appellate procedure. See Tex. R.
App. P. 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). Once the period of time for granting a motion for
extension has passed, a party can no longer invoke the appellate court's jurisdiction. Verburgt, 959 S.W.2d at 617. 
Appellate courts are expressly prohibited from suspending the appellate rules that relate to the deadline for perfecting an
appeal. See Tex. R. App. P. 2. 

Here, in order to extend the time to file a notice of appeal, appellant had until fifteen days after November 26, 2002 to file
her notice of appeal and a motion requesting an extension of time to file the notice. Appellant filed her notice of appeal
and accompanying motion on December 11, 2002, within the fifteen day deadline. 

Appellant's motion for extension was timely. We next examine whether her motion offers a reasonable explanation for the
delay, as required by Verburgt. Verburgt, 959 S.W.2d at 617-18. A reasonable explanation means any plausible statement
of circumstances indicating that the failure to file within the required time period was not deliberate or intentional, but was
the result of inadvertence, mistake, or mischance. Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669 (Tex. 1989). Any
conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance, even if that
conduct can be characterized as professional negligence. Id. at 670. In this case, counsel asserted that he does not "handle
appeals very often and was confused concerning the deadline," and that he "operates a multiple office practices and was
busy with other cases around the state." This appears to meet the minimal requirement that appellant provide a reasonable
excuse and show that the delay in filing was not deliberate or intentional. Accordingly, we grant appellant's motion for
extension of time to file her notice of appeal and deny appellees' motion to dismiss. We deny appellant's request for
sanctions against appellees in conjunction with appellees' motion to dismiss.

PER CURIAM

Memorandum opinion delivered

this the 27th day of February, 2003.