**Alfredo P. GARCIA d/b/a Garcia Trucking Company, Petitioner,**

v.

**KASTNER FARMS, INC., et al., Respondents.**

**No. C–8279.**

Supreme Court of Texas.

July 12, 1989.

---

W. Michael Murray, Austin, for petitioner.

James M. Whitten, Sinton, for respondents.

## OPINION

RAY, Justice.

The issue presented is whether Alfredo P. Garcia has reasonably explained his failure to timely file a cost bond for appeal. Tex.R.App.P. 41(a)(2). The court of appeals held he had not and dismissed Garcia's appeal for want of jurisdiction. 761 S.W.2d 444. We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

Garcia sued Kastner Farms, Inc. for breach of contract, and the trial court rendered judgment that Garcia take nothing. Because Garcia did not file a motion for new trial, the cost bond was due to be filed within thirty days. Tex.R.App.P. 41(a)(1). Garcia did not file his cost bond within the thirty-day period; however, he did file a motion to extend time to file his cost bond. Garcia was late in filing his bond because he believed the cost bond could be filed after he received the trial court's findings of fact and conclusions of law. Garcia explained that he could not adequately determine the propriety or necessity of an appeal until he had received and reviewed these findings of fact and conclusions of law.

In determining whether to grant Garcia's motion, the court of appeals considered Rule 41(a)(2):

> An extension of time may be granted by the appellate court for late filing of a cost bond or notice of appeal or making the deposit required by paragraph (a)(1) or for filing the affidavit, if such bond or notice of appeal is filed, deposit is made, or affidavit is filed not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension.

The court of appeals overruled Garcia's motion and dismissed the appeal for want of jurisdiction, concluding that a misunderstanding of the law was not a reasonable explanation. 761 S.W.2d at 446. The court of appeals purported to follow the leading case of *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977), and also relied heavily on *Home Ins. Co. v. Espinoza*, 644 S.W.2d 44 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

In *Meshwert*, we defined the phrase "reasonably explaining," to mean "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." 549 S.W.2d at 384. While the definition of reasonable explanation is settled, the courts of appeals have not applied the definition consistently. *Compare Heritage Life Ins. Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229 (Tex.App.—Dallas 1988, writ denied) (holding that any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance—even if that conduct can also be characterized as professional

negligence) *with Home Ins. Co. v. Espinoza,* 644 S.W.2d 44 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.) (holding that failure to adequately familiarize oneself with the basic rules of appellate procedure is not a reasonable explanation).

In *Espinoza,* the attorney impliedly admitted that she was mistaken regarding the requirements under the rule, somehow having gleaned the impression that the cost bond need not be filed if a hearing on the motion for new trial is still pending. The court of appeals in *Espinoza* said that a misunderstanding of the law was not a reasonable explanation. We believe that *Espinoza* represents an unduly restrictive view of Rule 41(a)(2).

 This court in *Meshwert* recognized that the reasonable explanation standard was a relaxed requirement from the old standard of good cause. 549 S.W.2d at 384. *Meshwert* followed the reasoning of the dissent in *Sloan v. Passman,* 536 S.W.2d 575 (Tex.Civ.App.—Dallas 1976, no writ) (Guittard, C.J., dissenting at 538 S.W.2d 1). *Sloan v. Passman* was specifically overruled by the Dallas Court of Civil Appeals in *United States Fire Ins. Co. v. Stricklin,* 547 S.W.2d 338 (Tex.Civ.App.—Dallas 1977, no writ). *Stricklin* adopted the dissenting opinion in *Sloan v. Passman,* which said that "the requirement of a reasonable explanation implies no stricter standard than that applicable to avoidance of a default judgment." 538 S.W.2d at 1. Under this standard:

> [A]ny plausible statement of circumstances indicating that failure to file ... was not deliberate or intentional, but was the result of inadvertance, mistake, or mischance, [would] be accepted as a reasonable explanation, even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise.

*Id.* This liberal standard of review encompasses the negligence of counsel as a reasonable explanation for the necessity of an extension. *See Heritage Life,* 751 S.W.2d at 231–32; *Stricklin,* 547 S.W.2d at 339–40. Thus, the proper focus under *Meshwert* is on a lack of deliberate or intentional failure

to comply. *See Heritage Life,* 751 S.W.2d at 232; *Meshwert,* 549 S.W.2d at 384. Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance—even if that conduct can also be characterized as professional negligence. *See Heritage Life,* 751 S.W.2d at 232.

 We conclude that the view espoused in *Espinoza* is too strict and that the more lenient standard enunciated in *Heritage Life* is correct. In applying the *Heritage Life* standard, we have determined Garcia's attempted late filing was not intentional or deliberate, but was due to the attorney's misunderstanding of the law. Accordingly, we hold that the explanation offered is a reasonable one within the ambit of rule 41(a)(2).

We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.