NO. 07-01-0391-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 22, 2001



______________________________




PAUL A. PHOMMYVONG AND DAOVONE PHOMMYVONG,


INDIVIDUALLY AND ON BEHALF OF DECEASED DAUGHTER,


LAURA PHOMMYVONG, APPELLANTS



V.



LEVI STRAUSS AND COMPANY, ET AL., APPELLEES



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 86,451-D; HONORABLE DON EMERSON, JUDGE



_______________________________






Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON MOTION FOR EXTENSION OF TIME



 Appellants Paul A. Phommyvong and Daovone Phommyvong, individually and on
behalf of their deceased daughter Laura Phommyvong, have filed a motion to extend the
time to file their notice of appeal, which is opposed by appellees. For the reasons set forth,
we overrule appellants' request for extension of time. 

 A summary judgment was entered by the trial court in favor of appellees Levi
Strauss and Company, Aetna, doing business by and through Levi Strauss & Company
Medical/Dental Coverage, Aetna U.S. Healthcare, Inc., and Aetna U.S. Healthcare of North
Texas, Inc. on February 20, 2001. However, there were other defendants to the suit, and
the summary judgment did not purport to dispose of the claims of plaintiffs against those
other parties. Appellants thereafter filed a notice of appeal with this court. This court
advised appellants by letter dated April 6, 2001, that the clerk's record revealed that we did
not have jurisdiction and that the appeal would be dismissed for want of jurisdiction unless
appellants or another party filed within ten days a response showing grounds for continuing
the appeal. 

 Appellants then filed a motion for modification pursuant to Rule of Appellate
Procedure 27.2. Under that rule, this court may allow an appealed order that is not final
to be modified so as to be made final and may allow the modified order and all proceedings
relating to it to be included in a supplemental record. Tex. R. App. P. 27.2. In their
modification motion, appellants asserted that the case had been resolved as to all other
parties to the lawsuit, and that the summary judgment order should be final in less than 30
days. That being so, appellants requested 45 days to allow them to obtain an appealable
order from the trial court. 

 We granted that motion on April 27, 2001, and abated the appeal to allow appellants
their 45 days after the date of the order to cure the jurisdictional defect and, as well, to pay
for, and file, a supplemental clerk's record clearly demonstrating the removal of the
jurisdictional defect. In our order, we further warned that if the supplemental clerk's record
was not filed within the 45 days, the appeal would be dismissed for want of jurisdiction. 
The June 11, 2001 deadline for filing the supplemental record came and went without any
action on the part of appellants, and on July 25, 2001, we dismissed the appeal for want
of jurisdiction. Although a supplemental clerk's record was received by us in September,
on September 18, 2001, we informed appellants by letter that the record was being
returned unfiled because the appeal had been dismissed. On October 1, 2001, appellants
then filed their motion to extend the time for filing their notice of appeal. 

 Appellants assert in their motion for extension of time that when "Plaintiffs' counsel
was initially informed that the District Clerk's Office was going to file the record in this case
with the Court of Appeals, Plaintiffs' counsel personally told Ms. Kizer of the District Clerk's
Office staff of his belief that the filing would be premature, but the filing was nonetheless
made by the District Clerk." They further state that, although this court dismissed their
premature appeal, they "did not understand that the notice of appeal they had filed was
thus somehow rendered ineffective in the estimation of the Court of Appeals." In fact, they
say, in reliance on Texas Rule of Appellate Procedure 27.1(a), they believed the notice of
appeal "had not been deemed filed under the rules." 

 A notice of appeal must be filed within 30 days after the judgment is signed or within
90 days after the judgment is signed if any party timely files a motion for new trial. Tex. R.
App. P. 26.1(a). The appellate court may extend the time to file the notice of appeal if,
within 15 days after the deadline for filing the notice of appeal, the party files with the trial
court a notice of appeal and files in the appellate court a motion for extension of time. Tex.
R. App. P. 26.3. Appellants filed both a motion for extension of time and a notice of appeal
in this court on October 1, 2001, and a notice of appeal in the trial court on October 2,
2001.

 The record also shows that the court signed orders granting nonsuit against the last
of the remaining defendants on June 19, 2001, which were filed on June 20, 2001.
Appellants then filed a motion for new trial on July 24, 2001, complaining of the entry of
summary judgment in favor of appellees. Assuming that the motion for new trial was timely
filed, which it does not appear to have been, (1) the notice of appeal would have been due
to be filed on September 17, 2001. 

 However, even if the motion for extension of time was timely and properly filed,
appellants are obligated to reasonably explain the need for an extension of time. Tex. R.
App. P. 10.5. The reasonable explanation need only consist of a plausible statement of
circumstances indicating that the failure to comply with the deadline was neither deliberate
nor intentional, but rather the result of inadvertence, mistake or mischance. Garcia v.
Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989). To the extent that appellants'
explanation attempts to place some sort of blame on the court clerk, we fail to see that as
a reasonable explanation for appellants' error, inasmuch as they filed a notice of appeal
from an order which they afterward conceded to have been interlocutory. Further,
appellants were warned by this court that their appeal would be dismissed for want of
jurisdiction if a supplemental clerk's record showing that the jurisdictional defect had been
cured was not filed by June 11, 2001. A final appealable order was apparently signed by
the trial court on June 19, 2001, and this court did not dismiss the appeal until July 25,
2001, over 30 days later. During that time, appellants made no attempt to file a
supplemental record, nor did they request additional time from this court to supplement the
record. Indeed, they did not even request preparation of a supplemental record until
August 20, 2001. Appellants also did not file a motion for rehearing from this court's
dismissal of the appeal. However, they filed a motion for new trial with the trial court on
July 24, 2001, which we can only assume they now use as a basis for extending the time
for filing a new notice of appeal. 

 Appellants also attempt to explain their failure to timely file a second notice of
appeal as a result of the fact they did not understand that their first notice of appeal "was
rendered ineffective" due to the court's dismissal of the appeal. At the same time, they
assert they did not believe their first notice of appeal had yet been deemed filed by the
court because of Rule 27.1(a) of the Rules of Appellate Procedure, which provides that a
prematurely filed notice of appeal is effective and deemed filed on the day of the event that
begins the period for perfecting the appeal. It is not reasonable to believe that a notice of
appeal has not been deemed filed and at the same time believe it is effective. If appellants
believed their notice of appeal had not been deemed filed, they failed, without explanation, 
to take the action requested by them and ordered by this court as necessary to give this
court jurisdiction over the cause of action. Additionally, if appellants believed their notice
of appeal was effective, they have offered no reasonable basis for their belief it was still
effective after dismissal of the appeal. Because we find the excuses provided by
appellants implausible, they do not constitute a reasonable explanation that their failure to
timely file their notice of appeal was not deliberate or intentional. See Kidd v. Paxton, 1
S.W.3d 309, 310-11 (Tex.App.--Amarillo 1999, pet. denied). We must, therefore, overrule
appellants' motion for an extension of time to file their notice of appeal.

 Additionally, because we lack jurisdiction to consider this appeal we must, and do,
hereby dismiss it.


 John T. Boyd

 Chief Justice


Do not publish.
1. A motion for new trial shall be filed prior to or within 30 days after the judgment or
other order complained of is signed. Tex. R. Civ. P. 329b(a). 



="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-08-0502-CR, 07-08-0503-CR; 07-08-504-CR;

 

07-08-0505-CR;
07-08-0506-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
15, 2010

 



 

ALFREDO SOLIS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,754-C, 57,761-C, 57,762-C, 57,763-C, 57,764-C;

 

 HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Alfredo Solis appeals ten
convictions for aggravated sexual assault of a child, sexual assault of a
child, and indecency with a child by sexual contact.  Through one issue, he argues the trial court
abused its discretion by ordering the jury-imposed sentences for three of the
convictions to run consecutively.  We
disagree, and will affirm.

 

Background

Indictments filed in five cases
alleged appellant committed multiple sexual offenses against one child, his
stepdaughter.  The cases were
consolidated for trial.  

At trial appellant plead guilty to
each of the indicted offenses.  After the
State presented evidence, the court instructed the jury to return a verdict of
guilty on each count.  The jury entered
verdicts accordingly.  Appellant elected
assessment of punishment by the jury. 
During its deliberation on punishment, the foreman sent the court a note
inquiring:

1)       If given probation on one count of the lessor (sic) charges, does that ensure that if the
defendant gets out he for sure will be on probation?

2)         If not does probation have to be given
on all charges.(sic)

The court responded with a
supplemental charge instructing the jury to continue its deliberations.  The jury returned verdicts assessing two
fifty-year sentences for aggravated sexual assault of a child,[1]
two twenty-year sentences for sexual assault of a child,[2]
five twenty-year sentences for indecency with a child by sexual contact,[3]
and one nine-year probated sentence for indecency with a child by sexual
contact. 

The State moved for consecutive
sentencing and Athat [appellant=s] probation term not begin until he
is paroled on the last sentence prior to that.@  Appellant objected to
stacked sentences.  After the trial court
made some comments, apparently based on the jurys note, concerning the jurys
wishes regarding appellants eventual possible release from confinement, and
further argument from counsel, the court stacked one of the fifty-year
sentences, one of the twenty-year sentences and the probated sentence.  It ordered the remaining sentences run
concurrently.  The effect of the courts
sentencing was seventy years confinement followed by nine years probation.  Appellant timely filed notice of appeal.

Issue

Appellant raises one issue on appeal:

Where a defendant in his mid-50s opts for jury sentencing, and where the
trial court concludes from the punishment verdicts that the jury intended the
defendant to be released at some time in the future, is the trial court
entitled to frustrate that intention by cumulating the sentences of
imprisonment to make release much less likely?[4]

Discussion

Statute authorizes a trial court to
cumulate sentences imposed for certain offenses arising out of the same
criminal episode and prosecuted in a single criminal action.  Tex. Penal Code Ann. § 3.03
(Vernon Supp. 2009).  Those
offenses include indecency with a child, and aggravated sexual assault and
sexual assault of a child younger than seventeen.  Tex. Penal Code Ann. §§ 3.03(b)(2)(A); 21.11; 22.011; 22.021 (Vernon Supp. 2009); see DeLeon
v. State, 294 S.W.3d 742 (Tex.App.Amarillo 2009, pet. refused) (applying statute).

The Court
of Criminal Appeals has indicated that a trial courts decision to cumulate
sentences constitutes an abuse of discretion only when cumulation
is not permitted by statute.  See Beedy v. State, 250 S.W.3d 107, 110 (Tex.Crim.App. 2008) (Awhen a trial judge
lawfully exercises the option to cumulate, that decision is unassailable on
appeal@); Barrow v.
State, 207 S.W.3d 377, 380-81 (Tex.Crim.App.
2006) (discussing trial court=s discretionary
decision whether to cumulate sentences). 
Accord Nicholas v. State, 56 S.W.3d 760, 764-65 (Tex.App.BHouston
[14th Dist.] 2001, pet. refused) (noting, as a practical matter, an abuse of
discretion occurs in sentencing for multiple offenses only if the trial court
imposes consecutive sentences where the law requires concurrent sentences,
where the court imposes concurrent sentences but the law requires consecutive
ones, or where the court otherwise fails to observe the statutory requirements
pertaining to sentencing); Revels v. State, No. 05-07-01555-CR, 2008
Tex. App. Lexis 9197, at *18 (Tex.App.BDallas
Dec. 11, 2008, no pet.).

Appellant does not
contend the trial courts cumulation order in this
case contravened the statute.  The trial court did not alter the
individual sentences imposed by the jury, and none exceed the statutory
range.  All the sentences were subject to
cumulation. 
Tex. Penal Code Ann. ' 3.03(b)(2)(B)
(Vernon Supp. 2009).

Nonetheless,
appellant contends the order was an abuse of discretion because of the peculiar
circumstances.  He points to the trial
courts comment, which he contends indicates the court understood the jury
intended that appellant eventually be eligible for release from
imprisonment.  He then argues that, despite
its understanding of the jurys intention, the trial court ordered cumulation of sentences, making his eventual eligibility
for release much less likely.  This
action, appellant posits, must constitute an abuse of discretion.

Effectively,
appellants argument is an iteration of the position rejected by the Court of
Criminal Appeals in Barrow.  207 S.W.3d at 381-82.  There, Judge Meyers, in dissent, took the
position that allowing the trial judge to cumulate jury-determined sentences
contradicts a Texas defendants statutory right to have punishment assessed by
the jury.  Id. at 382.  Addressing constitutional challenges to
judge-ordered cumulation, the majority opinion
pointed out that, by statute, Texas permits a defendant to opt for
jury-assessed punishment but the Legislature also has assigned the decision
whether to cumulate sentences to the trial court.  Id. at 380.  

Because the jury
simply has no role in the decision whether sentences are to be served
consecutively or concurrently when statute permits, and the decision is left to
the discretion of the trial court, Barrow,
207 S.W.3d at 380,[5]
we are unable to agree that the jurys intentions regarding appellants
eventual eligibility for release could operate to limit the trial courts
discretion to order cumulation.[6]
 

We accordingly overrule appellant=s issue and affirm the judgments of
the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.  











[1]  Tex. Penal Code Ann. ' 22.021(a)(2)(B)
(Vernon Supp. 2009).





[2] 
Tex. Penal Code Ann. ' 22.011(a)(2)
(Vernon Supp. 2009).





[3] 
Tex. Penal Code Ann. ' 21.11(a)(1)
(Vernon Supp. 2009).





[4] The State contends appellants issue was not
preserved for our review.  See Tex. R. App. P. 33.1; Pena v.
State, 285 S.W.3d 459, 462-464 (Tex.Crim.App.
2009) (discussing preservation of error). 
Although the States argument has some merit, we find appellants
objection to the imposition of cumulative sentencing for the fifty-and
twenty-year sentences was conveyed to the trial court, and was overruled by the
courts sentencing decision, so as to preserve the complained-of error for our
review.





[5]
Cf. Gordon v. State, 633 S.W.2d 872, 879 n.16 (Tex.Crim.App. 1982) (citing
O=Bryan v. State, 591 S.W.2d 464, 476, 478 (Tex.Crim.App. 1979) (AThe duration of confinement following its assessment of
punishment is not a legitimate concern of a jury@).  





[6] Although we need not address it, we agree with the
State also that the jury foremans note is subject to more than one
interpretation as an indicator of the jurys thinking regarding appellants
eventual release from confinement.