NO. 07-01-0391-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 22, 2001

_____


PAUL A. PHOMMYVONG AND DAOVONE PHOMMYVONG,
INDIVIDUALLY AND ON BEHALF OF DECEASED DAUGHTER,
LAURA PHOMMYVONG, APPELLANTS

V.

LEVI STRAUSS AND COMPANY, ET AL., APPELLEES

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 86,451-D; HONORABLE DON EMERSON, JUDGE

_____


Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON MOTION FOR EXTENSION OF TIME


Appellants Paul A. Phommyvong and Daovone Phommyvong, individually and on

behalf of their deceased daughter Laura Phommyvong, have filed a motion to extend the

time to file their notice of appeal, which is opposed by appellees. For the reasons set forth, we overrule appellants' request for extension of time.

A summary judgment was entered by the trial court in favor of appellees Levi Strauss and Company, Aetna, doing business by and through Levi Strauss & Company Medical/Dental Coverage, Aetna U.S. Healthcare, Inc., and Aetna U.S. Healthcare of North Texas, Inc. on February 20, 2001. However, there were other defendants to the suit, and the summary judgment did not purport to dispose of the claims of plaintiffs against those other parties. Appellants thereafter filed a notice of appeal with this court. This court advised appellants by letter dated April 6, 2001, that the clerk's record revealed that we did not have jurisdiction and that the appeal would be dismissed for want of jurisdiction unless appellants or another party filed within ten days a response showing grounds for continuing the appeal.

Appellants then filed a motion for modification pursuant to Rule of Appellate Procedure 27.2. Under that rule, this court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record. Tex. R. App. P. 27.2. In their modification motion, appellants asserted that the case had been resolved as to all other parties to the lawsuit, and that the summary judgment order should be final in less than 30 days. That being so, appellants requested 45 days to allow them to obtain an appealable order from the trial court.

We granted that motion on April 27, 2001, and abated the appeal to allow appellants their 45 days after the date of the order to cure the jurisdictional defect and, as well, to pay for, and file, a supplemental clerk's record clearly demonstrating the removal of the jurisdictional defect. In our order, we further warned that if the supplemental clerk's record was not filed within the 45 days, the appeal would be dismissed for want of jurisdiction. The June 11, 2001 deadline for filing the supplemental record came and went without any action on the part of appellants, and on July 25, 2001, we dismissed the appeal for want of jurisdiction. Although a supplemental clerk's record was received by us in September, on September 18, 2001, we informed appellants by letter that the record was being returned unfiled because the appeal had been dismissed. On October 1, 2001, appellants then filed their motion to extend the time for filing their notice of appeal.

Appellants assert in their motion for extension of time that when "Plaintiffs' counsel was initially informed that the District Clerk's Office was going to file the record in this case with the Court of Appeals, Plaintiffs' counsel personally told Ms. Kizer of the District Clerk's Office staff of his belief that the filing would be premature, but the filing was nonetheless made by the District Clerk." They further state that, although this court dismissed their premature appeal, they "did not understand that the notice of appeal they had filed was thus somehow rendered ineffective in the estimation of the Court of Appeals." In fact, they say, in reliance on Texas Rule of Appellate Procedure 27.1(a), they believed the notice of appeal "had not been deemed filed under the rules."

3

A notice of appeal must be filed within 30 days after the judgment is signed or within 90 days after the judgment is signed if any party timely files a motion for new trial. Tex. R. App. P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files with the trial court a notice of appeal and files in the appellate court a motion for extension of time. Tex. R. App. P. 26.3. Appellants filed both a motion for extension of time and a notice of appeal in this court on October 1, 2001, and a notice of appeal in the trial court on October 2, 2001.

The record also shows that the court signed orders granting nonsuit against the last of the remaining defendants on June 19, 2001, which were filed on June 20, 2001. Appellants then filed a motion for new trial on July 24, 2001, complaining of the entry of summary judgment in favor of appellees. Assuming that the motion for new trial was timely filed, which it does not appear to have been,[1] the notice of appeal would have been due to be filed on September 17, 2001.

However, even if the motion for extension of time was timely and properly filed, appellants are obligated to reasonably explain the need for an extension of time. Tex. R. App. P. 10.5. The reasonable explanation need only consist of a plausible statement of circumstances indicating that the failure to comply with the deadline was neither deliberate nor intentional, but rather the result of inadvertence, mistake or mischance. *Garcia v.*

---

[1]A motion for new trial shall be filed prior to or within 30 days after the judgment or other order complained of is signed. Tex. R. Civ. P. 329b(a).

*Kastner Farms, Inc.,* 774 S.W.2d 668, 670 (Tex. 1989). To the extent that appellants' explanation attempts to place some sort of blame on the court clerk, we fail to see that as a reasonable explanation for appellants' error, inasmuch as they filed a notice of appeal from an order which they afterward conceded to have been interlocutory. Further, appellants were warned by this court that their appeal would be dismissed for want of jurisdiction if a supplemental clerk's record showing that the jurisdictional defect had been cured was not filed by June 11, 2001. A final appealable order was apparently signed by the trial court on June 19, 2001, and this court did not dismiss the appeal until July 25, 2001, over 30 days later. During that time, appellants made no attempt to file a supplemental record, nor did they request additional time from this court to supplement the record. Indeed, they did not even request preparation of a supplemental record until August 20, 2001. Appellants also did not file a motion for rehearing from this court's dismissal of the appeal. However, they filed a motion for new trial with the trial court on July 24, 2001, which we can only assume they now use as a basis for extending the time for filing a new notice of appeal.

Appellants also attempt to explain their failure to timely file a second notice of appeal as a result of the fact they did not understand that their first notice of appeal "was rendered ineffective" due to the court's dismissal of the appeal. At the same time, they assert they did not believe their first notice of appeal had yet been deemed filed by the court because of Rule 27.1(a) of the Rules of Appellate Procedure, which provides that a prematurely filed notice of appeal is effective and deemed filed on the day of the event that begins the period for perfecting the appeal. It is not reasonable to believe that a notice of

5

appeal has not been deemed filed and at the same time believe it is effective. If appellants believed their notice of appeal had not been deemed filed, they failed, without explanation, to take the action requested by them and ordered by this court as necessary to give this court jurisdiction over the cause of action. Additionally, if appellants believed their notice of appeal was effective, they have offered no reasonable basis for their belief it was still effective after dismissal of the appeal. Because we find the excuses provided by appellants implausible, they do not constitute a reasonable explanation that their failure to timely file their notice of appeal was not deliberate or intentional. *See Kidd v. Paxton*, 1 S.W.3d 309, 310-11 (Tex.App.--Amarillo 1999, pet. denied). We must, therefore, overrule appellants' motion for an extension of time to file their notice of appeal.

Additionally, because we lack jurisdiction to consider this appeal we must, and do, hereby dismiss it.


John T. Boyd
Chief Justice

Do not publish.

6