NO. 07-02-0187-CR
NO. 07-02-0188-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 25, 2002

_____

DAVID RUSSELL HALE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 44,828-A, 33,491-A; HONORABLE DAVID L. GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

On April 9, 2002, appellant David Russell Hale filed pro se notices of appeal in the referenced matters. It was unclear at that time what judgments or orders he was appealing. However, with his notice of appeal, he expressed dissatisfaction with his prior

appointed counsel and requested the appointment of legal representation. On April 26, 2002, we received a letter from the court clerk informing us that she had received neither an order from the court requesting her to prepare a transcript in these matters nor payment from appellant or an affidavit of inability to pay. However, from papers she provided to us, it appears that in Cause No. 07-02-0187-CR (Trial Court Case No. 44,828-A), there was an order dated March 27, 2002, deferring adjudication of the guilt of appellant for possession of a controlled substance and placing him on community supervision. Presumably this is one of the orders from which appellant has filed his appeal.

On June 7, 2002, we sent letters to the court clerk and the court reporter informing them that their respective records were due on May 27, 2002. If the records could not be completed, it was requested that they complete and fill out a request form and return it to the court no later than June 18, 2002. Then, on June 12, 2002, we received copies of an order and judgment signed May 15, 2002, pronouncing adjudication of guilt in Cause No. 07-02-0187-CR and an order signed May 15, 2002, revoking community supervision and imposing a sentence for the conviction of the offense of burglary of a building in Cause No. 07-02-0188-CR (Trial Court Case No. 33,491-A). At that time, appellant was apparently represented by counsel.

Because of the state of confusion surrounding these appeals and because no clerk's and reporter's records have been filed, we are authorized to abate these appeals

and remand the cases to the 47th District Court of Potter County for a hearing. *See* Tex. R. App. P. 37.3.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1.  Whether appellant has abandoned his appeals.

2.  If appellant has not abandoned his appeals, whether appellant's attorney continues to represent appellant and will diligently pursue his appeals. If not, and appellant is not indigent, what steps should be taken to ensure that appellant will promptly retain an attorney who will diligently pursue the appeals.

3.  If appellant is indigent, an attorney should be appointed to handle the appeals. If such an attorney is appointed, this court should be supplied that attorney's name, address, and State Bar of Texas identification number.

4.  If appellant is indigent, what steps are necessary to ensure the prompt preparation of clerk's and reporter's records.

5.  If any other orders are necessary to ensure the diligent and proper pursuit of appellant's appeals.

In support of its determination, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. In addition, the trial court shall cause a transcription of the hearing to be prepared and included in a reporter's record. The supplemental clerk's and reporter's records shall be submitted to this court no later than July 24, 2002.

It is so ordered.

Per Curiam

Do not publish.