Mary Pidcock v. City of Wichita Falls

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-244-CV

MARY PIDCOCK APPELLANT

V.

CITY OF WICHITA FALLS APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 
AND JUDGMENT

------------

Appellant Mary Pidcock attempts to appeal the trial court’s order dismissing her case for want of prosecution.  The following summarizes the appellate procedural background.

Pidcock’s appellate brief was initially due on November 10, 2005.  Two days prior to the deadline, Pidcock filed her first motion for extension of time, which was unopposed by Appellee City of Wichita Falls.  We granted the motion and ordered Pidcock’s brief due December 12, 2005.

Pidcock failed to meet the December 12, 2005 deadline.  On December 30, 2005, we notified Pidcock that her brief had not been filed as required by rule 38.6(a). 
 See
 Tex. R. App. P. 38.6
(a).  We stated that we would dismiss the appeal for want of prosecution unless Pidcock or any party desiring to continue this appeal filed with the court on or before January 9, 2006, a motion reasonably explaining the failure to file a brief and the need for an extension.  
See
 
Tex. R. App. P. 
10.5(b), 38.8(a)(1).

On January 9, 2006, Pidcock filed her second motion for extension, which was opposed by Appellee.  We granted the motion and ordered Pidcock’s brief due January 17, 2006, and specifically stated in the order that “
NO FURTHER EXTENSIONS WILL BE GRANTED
.”

Pidcock failed to meet the January 17, 2006 deadline.  On February 1, 2006, we again notified Pidcock that her brief had not been filed as required by rule 38.6(a). 
 See
 Tex. R. App. P. 38.6
(a).  We stated that we would dismiss the appeal for want of prosecution unless Pidcock or any party desiring to continue this appeal filed with the court on or before February 10, 2006, a motion reasonably explaining the failure to file a brief and the need for an extension.  
See
 
Tex. R. App. P. 
10.5(b), 38.8(a)(1).

On February 17, 2006, Pidcock filed her third motion for late filing of her brief and tendered her appellate brief.  On February 21, 2006, Appellee filed a motion opposing Pidcock’s motion for late filing and asked this court to dismiss the appeal.  On March 7, 2006, Pidcock filed her response to Appellee’s motion opposing the late filing of her brief.

A reasonable explanation for the need for an extension of time is “any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake[,] or mischance.”  
Hone v. Hanafin, 
104 S.W.3d 884, 887-88 (Tex. 2003); 
accord Garcia v. Kastner Farms, Inc.
, 774 S.W.2d 668, 669 (Tex. 1989) (defining reasonable explanation in context of failure to timely file cost bond).  Pidcock’s motion for late filing, however, summarily states only that her counsel “has been engaged in the matter of preparing several overdue briefs in other appeals as well as numerous trial court hearings” and that counsel had terminated her legal assistant.  The motion does not identify any particular cases counsel has been working on or indicate that any of those cases are older than this one.  The motion nowhere states or alleges that Pidcock’s failure to file a brief by the second extended briefing deadline—after her second extension motion was opposed and we nonetheless granted it ordering that no further extensions would be granted—was not deliberate or intentional but was the result of inadvertence, mistake, or mischance.  Additionally, Pidcock failed to file her third motion for extension of time to file her brief by the extended briefing deadline.

After Appellee filed its response opposing the late filing of Pidcock’s brief and asking for dismissal of the appeal, Pidcock filed a reply attempting to provide a more detailed explanation for the workload that allegedly prevented her from timely filing the brief in this appeal.  The deadlines for the work itemized in Pidcock’s reply, however, expired ten and eleven months ago.  The most recent deadline that Pidcock’s counsel contends prevented the timely filing of the present brief was an appellant’s brief due June 29th of last year.  We cannot agree that the briefing deadlines that counsel was required to meet and which she alleges that she did meet over eight months ago provide a reasonable explanation for the failure to timely file the present brief.  The other explanations offered for the failure to timely file a brief in this case allege long-standing issues counsel has been dealing with but do not articulate any explanation for counsel’s failure to timely file the brief in this case; specifically, counsel alleges that for the past two years she has had internal management problems in her office and has been permanently caring for her mother. We hold that Pidcock’s motion and response fail to reasonably explain her need for a third extension of time to file her brief and that nothing in her motion, response, or in the record before us gives any indication that her failure to timely file her brief was the result of inadvertence, mistake, or mischance.  Therefore, Pidcock’s 
“Motion For Late Filing Of Appellant’s Brief” is DENIED.
 Appellee‘s “Motion Opposing Appellant’s Request For Late Filing To File Brief, And Asking Court For Dismissal Of Case” is GRANTED.  Thus, because Pidcock’s brief was not timely filed, we dismiss the appeal for want of prosecution.  
See
 
Tex R. App. P.
 38.8(a)(1)
, 42.3(b)-(c).

Pidcock shall pay all costs of this appeal, for which let execution issue.

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:
 March 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.