COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-244-CV

 

 

MARY PIDCOCK                                                                  APPELLANT

 

                                                   V.

 

CITY OF WICHITA FALLS                                                        APPELLEE

 

                                              ------------

 

             FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                  MEMORANDUM OPINION[1] AND JUDGMENT

 

                                              ------------

        Appellant Mary Pidcock attempts to appeal the trial court=s order
dismissing her case for want of prosecution. 
The following summarizes the appellate procedural background.








Pidcock=s appellate brief was initially due on November 10,
2005.  Two days prior to the deadline,
Pidcock filed her first motion for extension of time, which was unopposed by
Appellee City of Wichita Falls.  We
granted the motion and ordered Pidcock=s brief due December 12, 2005.

Pidcock failed to meet the December 12, 2005
deadline.  On December 30, 2005, we
notified Pidcock that her brief had not been filed as required by rule 38.6(a).
 See Tex. R. App. P. 38.6(a). 
We stated that we would dismiss the appeal for want of prosecution
unless Pidcock or any party desiring to continue this appeal filed with the
court on or before January 9, 2006, a motion reasonably explaining the failure
to file a brief and the need for an extension. 
See Tex. R. App. P. 10.5(b),
38.8(a)(1).

On January 9, 2006, Pidcock filed her second motion
for extension, which was opposed by Appellee. 
We granted the motion and ordered Pidcock=s brief
due January 17, 2006, and specifically stated in the order that ANO FURTHER EXTENSIONS WILL BE GRANTED.@

Pidcock failed to meet the January 17, 2006
deadline.  On February 1, 2006, we again
notified Pidcock that her brief had not been filed as required by rule 38.6(a).
 See Tex. R. App. P. 38.6(a). 
We stated that we would dismiss the appeal for want of prosecution
unless Pidcock or any party desiring to continue this appeal filed with the
court on or before February 10, 2006, a motion reasonably explaining the
failure to file a brief and the need for an extension.  See Tex.
R. App. P. 10.5(b), 38.8(a)(1).








On February 17, 2006, Pidcock filed her third motion
for late filing of her brief and tendered her appellate brief.  On February 21, 2006, Appellee filed a motion
opposing Pidcock=s motion for late filing and asked this court to
dismiss the appeal.  On March 7, 2006,
Pidcock filed her response to Appellee=s motion opposing the late filing of her brief.








A reasonable explanation for the need for an extension
of time is Aany plausible statement of circumstances indicating
that failure to file within the [required] period was not deliberate or
intentional, but was the result of inadvertence, mistake[,] or mischance.@  Hone v. Hanafin, 104 S.W.3d 884,
887-88 (Tex. 2003); accord Garcia v. Kastner Farms, Inc., 774 S.W.2d
668, 669 (Tex. 1989) (defining reasonable explanation in context of failure to
timely file cost bond).  Pidcock=s motion
for late filing, however, summarily states only that her counsel Ahas been
engaged in the matter of preparing several overdue briefs in other appeals as
well as numerous trial court hearings@ and that counsel had terminated her legal
assistant.  The motion does not identify
any particular cases counsel has been working on or indicate that any of those
cases are older than this one.  The
motion nowhere states or alleges that Pidcock=s
failure to file a brief by the second extended briefing deadlineCafter
her second extension motion was opposed and we nonetheless granted it ordering
that no further extensions would be grantedCwas not
deliberate or intentional but was the result of inadvertence, mistake, or
mischance.  Additionally, Pidcock failed
to file her third motion for extension of time to file her brief by the
extended briefing deadline.








After Appellee filed its response opposing the late
filing of Pidcock=s brief and asking for dismissal of the appeal,
Pidcock filed a reply attempting to provide a more detailed explanation for the
workload that allegedly prevented her from timely filing the brief in this
appeal.  The deadlines for the work
itemized in Pidcock=s reply, however, expired ten and eleven months
ago.  The most recent deadline that
Pidcock=s counsel contends prevented the timely filing of the
present brief was an appellant=s brief due June 29th of last year.  We cannot agree that the briefing deadlines that
counsel was required to meet and which she alleges that she did meet over eight
months ago provide a reasonable explanation for the failure to timely file the
present brief.  The other explanations
offered for the failure to timely file a brief in this case allege
long-standing issues counsel has been dealing with but do not articulate any
explanation for counsel=s failure to timely file the brief in this case;
specifically, counsel alleges that for the past two years she has had internal
management problems in her office and has been permanently caring for her
mother.      We hold that Pidcock=s motion
and response fail to reasonably explain her need for a third extension of time
to file her brief and that nothing in her motion, response, or in the record
before us gives any indication that her failure to timely file her brief was
the result of inadvertence, mistake, or mischance.  Therefore, Pidcock=s AMotion
For Late Filing Of Appellant=s Brief@ is
DENIED.  Appellee>s AMotion Opposing Appellant=s
Request For Late Filing To File Brief, And Asking Court For Dismissal Of Case@ is
GRANTED.  Thus, because Pidcock=s brief
was not timely filed, we dismiss the appeal for want of prosecution.  See Tex R. App. P. 38.8(a)(1), 42.3(b)-(c).

Pidcock shall pay all costs of this appeal, for which
let execution issue.

 

PER
CURIAM

 

PANEL
D:    WALKER, J.; CAYCE, C.J.; and MCCOY,
J.

 

DELIVERED: March 16, 2006











[1]See Tex. R. App. P. 47.4.