NO. 07-06-0081-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 28, 2006


 ______________________________



SHAWN FULLER AND D & S MOBILE HOME CENTER, INC., APPELLANTS



V.



CITY OF LUBBOCK, APPELLEE


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-528,757; HONORABLE BLAIR CHERRY, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellants, Shawn Fuller and D & S Mobile Home Center, Inc., appeal the trial
court's judgment rendered on December 16, 2005. We dismiss the appeal.

 Appellants' brief was due no later than September 11, 2006. By letter dated August
10, 2006, we notified appellants of the due date for the brief, and that, if the brief or a
motion for extension of time to file the brief was not filed by the due date, the appeal would
be subject to dismissal. Tex R. App. P. 42.3(c) Appellants have not filed a brief or a motion
for extension of time.

 Accordingly, having given all parties more than the required ten days notice, we
dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a)(1); 42.3(b).


 Mackey K. Hancock

 Justice





eliberate or intentional, but the result of inadvertence, mistake or mischance. Garcia v.
Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989). In appellants' motion for extension
of time, the explanation offered was twofold: (1) the court clerk filed the record although
appellants told her the appeal would be premature, and (2) they did not understand that
this court's previous dismissal of their appeal rendered it ineffective. 

 These two explanations relate to the prior procedural history of this appeal which
we detailed in our original opinion, and thus will not do so again. Suffice it to say that
appellants filed a notice of appeal from a summary judgment that did not dispose of all
claims and all parties and then requested and were granted 45 days in which to cure the
jurisdictional defect and file a supplemental clerk's record demonstrating the cure. When
appellants failed to do so, their appeal was dismissed. Appellants, having obtained a final
judgment, then filed a new notice of appeal with a request for an extension of time to do
so and explained their late filing by complaining they did not understand the effect of our
dismissal of their previous appeal. We found that explanation unreasonable and refused
to grant appellants an extension of time. 

 In their motion for rehearing, appellants argue they believed their first notice of
appeal was effective and deemed filed on June 20, 2001, after an order was entered
disposing of the remaining claims. (1) Therefore, we assume that appellants impliedly
contend they did not realize that a second notice of appeal was necessary until after this
court refused to file the supplemental record because the appeal had been dismissed. In
a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day
of, but after, the event that begins the period for perfecting the appeal. Tex. R. App. P. 
27.1(a). However, an appellate court only has jurisdiction of an appeal from a final
judgment unless an interlocutory appeal is authorized by statute. Qwest Communications
Corp. v. AT &T Corp., 24 S.W.3d 334, 336 (Tex. 2000). An appellate court may allow an
appealed order that is not final to be modified to be made final and may allow the modified
order and all proceedings relating to it to be included in a supplemental record. Tex. R.
App. P. 27.2. That is the action taken by this court at appellants' request, and appellants
were given a specific deadline by which a supplemental record was to be filed, or the
appeal would be dismissed for lack of jurisdiction. 

 If this court had not dismissed the appeal, appellants' argument might have merit. 
However, appellants have completely ignored the dismissal of their appeal by this court
and acted as if it never occurred. The only explanation offered for doing so is that they
"had no reason to believe that their notice of appeal was expended when no substantive
appeal was provided them." We do not find this explanation plausible. This court clearly
has the authority to dismiss an appeal when an appellant fails to comply with an order of
this court. Tex. R. App. P. 42.3(c). That right is not contingent on an appellant having
received a "substantive appeal." Moreover, our dismissal did not take place until over a
month after the date that appellants claim their notice of appeal should have been deemed
filed. (2) Thus, appellants believed they had a filed, effective notice of appeal, but claim our
subsequent dismissal had no effect on it other than to possibly deny them some sort of
priority with respect to their appeal. While appellants argue that appellate courts should
not dismiss an appeal whenever an arguable interpretation of the rules would preserve the
appeal, we find no arguable interpretation of the rules which would permit appellants to
ignore the plain effect of the dismissal. 

 Appellants further complain that this court apparently intended that the only appeal
they would be entitled to was the "purported appeal" which was dismissed, and they did
not understand that "a meaningful review of the trail [sic] courts [sic] judgment" would be
denied them if they failed to challenge our dismissal of the "purported appeal." The appeal
was dismissed because appellants failed to comply with the court's order, entered at
appellants' request, that the jurisdictional defect be cured within 45 days and a
supplemental record be provided to this court. Appellants never requested an extension
of time to accomplish those acts, although they assert they were reluctant to do so and
chose to "await consideration of their appeal on the merits in due course." Once the
appeal was dismissed, appellants were entitled to invoke the jurisdiction of this court again
by filing a new notice of appeal after a final, appealable order was entered by the trial
court. However, appellants did not timely do so and, because the only explanations
offered by them for that failure are tied to their prior dismissed appeal and their failure to
comprehend the effect of that dismissal, we have been forced to consider the
reasonableness of that explanation. 

 Finding no reason to believe that our original disposition of the matter was incorrect,
we overrule appellants' motion for rehearing. 


 John T. Boyd

 Chief Justice


Do not publish.
1. Appellants have not reargued their explanation that the court clerk erred in some
manner, and we will not address it again. 
2. This court had no way of knowing that the jurisdictional defect had been cured
because appellants failed to file a supplemental record as ordered by this court. Indeed,
appellants did not even request the preparation of a supplemental record until after the
time for filing a motion for rehearing of our dismissal had passed.