Order filed December 1,
2011

 

                                                                       In The           

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00311-CV

                                                    __________

 

                          BLM
OF BROWNWOOD, INC., Appellant

 

                                                             V.

 

                      MID-TEX
CELLULAR, LTD. ET AL., Appellees



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                Trial
Court Cause No. CV 1009295



 

                                                                     O
R D E R

 

            Mid-Tex
Cellular, Ltd. has filed in this court a motion to dismiss the appeal for want
of jurisdiction based upon the untimeliness of the notice of appeal and the
lack of a reasonable explanation.  The documents on file in this court reflect
that the trial court entered judgment on July 14, 2011, that BLM of Brownwood,
Inc. filed a timely motion for new trial, and that BLM filed a late notice of
appeal on October 20, 2011, eight days after the due date.  See Tex. R. App. P. 26.1.  This court
received BLM’s motion to extend time to file the notice of appeal on October
26, 2011.  See Tex. R. App. P.
26.3.  In its motion, BLM relied on the following facts to reasonably explain
its need for an extension: “Counsel was contacted by appellant’s agent
regarding the appeal.  After preliminary discussions, appellant advised counsel
he would be retained, but appellant was not able to retain counsel until
October 20, 2011 when counsel filed his notice of appeal.”  In response to
Mid-Tex’s motion to dismiss, BLM further asserted, “Where, as here, appellants
were not advised of the deadline and were only able to retain counsel on
October 20, 2011, they cannot be said to have deliberately or intentionally
failed to comply even if that conduct could be characterized as professional
negligence.”

Tex. R. App. P. 10.5(b) requires that a
motion for extension state “the facts relied on to reasonably explain the need
for an extension.”  The Texas Supreme Court has held that “a reasonable
explanation is ‘any plausible statement of circumstances indicating that
failure to file within the [specified] period was not deliberate or intentional,
but was the result of inadvertence, mistake or mischance.’”  Hone v. Hanafin,
104 S.W.3d 884, 886 (Tex. 2003) (quoting Meshwert v. Meshwert, 549
S.W.2d 383, 384 (Tex. 1977)).  We are to review the explanation liberally, and
“[a]ny conduct short of deliberate or intentional noncompliance qualifies as
inadvertence, mistake or mischance—even if that conduct can also be
characterized as professional negligence.”  Garcia v. Kastner Farms, Inc.,
774 S.W.2d 668, 670 (Tex. 1989).  Because BLM has asserted that it was not
advised of the filing deadline, we cannot conclude that its failure to timely
file the notice of appeal was deliberate or intentional. 

Accordingly,
we grant BLM’s motion for an extension of time to file the notice of appeal and
overrule Mid-Tex’s motion to dismiss the appeal.

 

PER CURIAM

 

December 1, 2011


Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.