

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00336-CV

IN THE MATTER OF THE MARRIAGE OF DAISY JOANNA MENDOZA AND
ADRIAN JOE MENDOZA AND IN THE INTEREST OF E.M., A CHILD

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 75,119-L2, Honorable Matthew C. Martindale, Presiding

October 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Adrian Joe Mendoza attempts to appeal a final decree of divorce dissolving his marriage to Daisy Joanna Mendoza. Now pending before this Court is Adrian's motion for an extension of time to file his notice of appeal. We deny the motion and dismiss the appeal for want of jurisdiction.

The trial court signed the final decree of divorce on June 24, 2019. Adrian timely filed a motion for new trial and motion to modify the judgment. TEX. R. CIV. P. 329b(a), (g). Accordingly, his notice of appeal was due within ninety days after the divorce decree was signed, by September 23, 2019. TEX. R. APP. P. 26.1(a), 4.1(a). Adrian did not file

a notice of appeal until October 7, 2019. He subsequently filed the pending motion for extension. In the motion, Adrian alleges that he filed a notice of appeal after the deadline because he was waiting on the trial court to sign an order ruling on his motion to modify the judgment. Daisy opposes the motion.

Under Rule of Appellate Procedure 26.3, an appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline, the appellant files a notice of appeal and a motion seeking an extension of time. The motion must reasonably explain the need for the extension. TEX. R. APP. P. 26.3, 10.5(b). A reasonable explanation is any plausible statement of circumstances indicating that the failure to file the notice of appeal within the required time period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance. *Id.* at 670.

Adrian's explanation does not indicate that he was unaware of or miscalculated the notice of appeal deadline. Instead, the motion states that "[a]t the time of the Appeal deadline in this case, the Trial Court maintained plenary power to Grant Appellant's Motion [to modify the judgment], thus it was unknown if appeal was necessary." An explanation that shows a conscious or strategic decision to wait to file a notice of appeal—such as waiting on the trial court to rule on a post-judgment motion—is not a reasonable explanation for an extension under appellate rule 26.3. *See Jahner v. Jahner*, No. 05-15-00225-CV, 2015 Tex. App. LEXIS 4312, at *3-4 (Tex. App.—Dallas Apr. 28, 2015, no. pet.) (mem. op.) (appellant chose to await trial court hearing on motion to modify judgment); *Allen v. Hinze,* No. 02-13-00466-CV, 2014 Tex. App. LEXIS 2315, at *4-5

2

(Tex. App.—Fort Worth Feb. 27, 2014, no pet.) (per curiam) (mem. op.) (appellant waited on trial court to hold hearing and rule on motion for new trial).

Adrian has not demonstrated that his late notice of appeal was the result of inadvertence, mistake, or mischance. *Garcia,* 774 S.W.2d at 669-70. Instead, his explanation indicates that he was aware of the deadline but made a conscious decision to ignore it. *See Crossland v. Crossland*, No. 05-06-00228-CV, 2006 Tex. App. LEXIS 2881, at *3-4 (Tex. App.—Dallas Apr. 11, 2006, no pet.) (per curiam) (mem. op.) ("[I]n this case, appellant has made a conscious decision to ignore the appellate timetable in favor of the trial court's jurisdictional timetable. Courts have repeatedly held as unreasonable and noncompliant explanations that reflect appellant's awareness of the deadline for filing a timely notice of appeal but a decision to ignore it.").

We, therefore, find that Adrian has not reasonably explained the need for an extension and deny his motion to extend the time to file a notice of appeal. TEX. R. APP. P. 26.3. Because a timely notice of appeal is essential to invoking our jurisdiction, we have no discretion to permit Adrian's untimely filed notice of appeal to confer jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

Accordingly, we dismiss the purported appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam