

# Fourth Court of Appeals
## San Antonio, Texas

January 6, 2022

No. 04-21-00493-CV

**IN THE INTEREST OF L.Z.U., A CHILD**

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 34608
Honorable Roland Andrade, Judge Presiding

# O R D E R

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

On December 18, 2021, appellee filed a motion to dismiss this appeal claiming that appellant's notice of appeal was untimely. Appellee points out that appellant's notice of appeal was due on November 4, 2021, but was not filed until November 5, 2021.

Under Rule 26.3 of the Texas Rules of Appellate Procedure, an appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal and a motion in the appellate court. TEX. R. APP. P. 26.3. Although appellant filed her notice of appeal within the fifteen-day grace period allowed by Rule 26.3, she did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, to satisfy Rule 26.3, an appellant must provide a reasonable explanation for her failure to file a notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3.

The law provides that any plausible statement of circumstances indicating that the failure to timely file the notice of appeal was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance should be accepted as a reasonable explanation. *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989). Under this standard, any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance, even if that conduct can also be characterized as professional negligence. *Id.*

Here, appellant has filed a response to the motion to dismiss, stating that she believed the "appellate window was calculated by excluding the day [on] which the judgment was signed as

well as the day that the Notice of Appeal was filed. Accordingly, [appellant] believed that November 5, 2021, was the last day that an appeal notice could be filed." This explanation is reasonable. *See id*. We, therefore, GRANT appellant's implied motion for extension of time to file appellant's notice of appeal and ORDER this appeal RETAINED on the court's docket. Appellee's motion to dismiss this appeal is DENIED.

Appellant's brief is due on or before **January 12, 2022**.

_____
Irene Rios, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of January, 2022.

_____
Michael A. Cruz,
Clerk of Court