**Opinion issued August 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00032-CV

———————————

**BERNARD S. WILLIAMS, Appellant**

**V.**

**PATRICE NICOLE PAUL, Appellee**

---

**On Appeal from the 480th District Court**
**Williamson County, Texas**
**Trial Court Case No. 15-2168-F425**

---

## MEMORANDUM OPINION

This is an attempted appeal from a final judgment in a modification suit. Because this Court lacks jurisdiction, we dismiss the appeal.

On November 7, 2023, the trial court signed a final order in a suit to modify the parent-child relationship. On November 8, 2023, the trial court signed an order

confirming support arrearage. On November 8, 2023, appellant Bernard S. Williams filed a motion for stay in the trial court "pending appeal." The trial court denied this motion on December 7, 2023. On December 11, 2023, Williams filed his notice of appeal in which he complained of the following: (1) the October 25, 2023 denial of Williams's request for custody of his son; (2) denial of Williams's request for a temporary restraining order; (3) denial of request for findings of fact and conclusions of law; (4) denial of Williams's 14th Amendment right to due process; (5) the trial judge's alleged personal bias, partiality, ex parte communication, conflict of interest, and capricious acts; and (6) denial of Williams's motion to recuse. Williams also stated that he "was also aware the Defendant [appellee] has already violated the new signed November 7, 2023, Final Order in Suit to Modify Parent-Child Relationship . . . ."

A notice of appeal is generally required to be filed within 30 days after the judgment is signed. *See* TEX. R. APP. P. 26.1. This 30-day deadline may be extended to 90 days after the judgment is signed if appellant files a timely motion for new trial or other post-judgment motion. *See* TEX. R. CIV. P. 329b. The appellate court may also extend the time to file the notice of appeal if, within 15 days after the deadline for filing it, appellant files the notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* TEX. R. APP. P. 26.3.

Appellant did not file a post-judgment motion, such as a motion for new trial or a motion to modify but had previously filed a request for findings of fact and conclusions of law concerning the trial court's denial of his request for a temporary restraining order. The trial court denied this request by order signed on September 15, 2023. Temporary restraining orders are not appealable. *See In re Abbott*, 601 S.W.3d 802, 813 (Tex. 2020). Thus, findings of fact and conclusions of law would not be helpful to the court of appeals and a request for findings and conclusions concerning an interlocutory and non-appealable order would not extend the deadline for the subsequent final judgment. *See* TEX. R. APP. P. 26.1(a)(4).

Because appellant filed no post-judgment motion that would extend the deadline for filing the notice of appeal, the deadline to file the notice was 30 days from the date of the final judgment. *See* TEX. R. APP. P. 26.1. Final judgment was signed on November 7, 2023. Thus, the notice of appeal was due to be filed on December 7, 2023. Appellant untimely filed his notice of appeal on December 11, 2023.

If a notice of appeal is filed within 15 days after the deadline, an extension of time is implied. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Nonetheless, an appellate court may require the appellant file a motion for extension of time to file the notice of appeal, explaining the reason for the delay in filing it. *See Griffin v. Galveston Cty.*, No. 01-23-00377-CV, 2023 WL 5353372, at *1 (Tex.

App.—Houston [1st Dist.] Aug. 22, 2023, no pet.) (mem. op.); *see also* TEX. R. APP. P. 26.3. The Court issued a notice on April 18, 2024, advising appellant that the appeal might be dismissed unless, by April 29, 2024, appellant filed a motion for extension of time to file the notice of appeal explaining the reason for the delay in filing the notice of appeal.

On April 22, 2024, appellant filed a motion for extension of time to file the notice of appeal, asserting that, pursuant to TEX. R. CIV. P. 8(a)(1), he had filed a motion for stay with the Williamson County Clerk's Office on November 6, and that he was "under the interpretation of the rule that he must first file his motion for stay" and then file his notice of appeal after the trial court ruled on the motion for stay. Appellant does not specify which rule he relied on.

"A reasonable explanation means any plausible statement of circumstances indicating that the failure to file within the required time period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing to *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989)). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance—even if that conduct can also be characterized as professional negligence." *Garcia*, 774 S.W.2d at 670. The Court in *Garcia* determined that counsel's misunderstanding that he should wait until after

4

he had received and reviewed findings of fact and conclusions of law to file the notice of appeal was not an intentional or deliberate delay but was the result of the attorney's misunderstanding of the law. *See id.*; *see also Heritage Life Ins. Co. v. Heritage Grp. Holding Corp.*, 751 S.W.2d 229, 231–32 (Tex. App.—Dallas 1988, writ denied) (holding that miscalculation of deadline for filing notice of appeal was not deliberate or intentional and thus was reasonable explanation for delay).

Here, appellant states that his understanding of an unspecified rule caused him to believe that he should wait until the trial court ruled on a motion to stay before he filed his notice of appeal. There is no rule permitting an appellant to delay filing a notice of appeal except for the post-judgment motions specified in Rule 26.1(a) that extend the deadline for filing the notice of appeal. Appellant's explanation for the delay in filing his notice of appeal does not show that he was unaware of the deadline or miscalculated the deadline or that his failure to timely file his notice of appeal was the result of inadvertence, mistake, or mischance. *See Torres v. Cheniere Energy, Inc.*, No. 01-22-00659-CV, 2022 WL 17346208, at \*3 (Tex. App.—Houston [1st Dist.] Dec. 1, 2022, pet. denied) (mem. op.). Instead, appellant consciously chose to delay filing his notice of appeal until he learned whether the trial court had granted his motion to stay. Because appellant chose to ignore the deadline to file the notice of appeal until he learned whether the trial court had stayed the final judgment, the delay was not due to inadvertence, mistake, or mischance, and thus, his

5

explanation for the delay in filing the notice of appeal is not a reasonable one. *See, e.g.*, *A to Z Wholesale Wine & Spirits, LLC v. Spectra Bank*, No. 05-21-01149-CV, 2022 WL 1025098, at *1 (Tex. App.—Dallas Apr. 6, 2022, no pet.) (mem. op.) (holding unreasonable appellant's explanation which demonstrated conscious decision to wait until trial court ruled on motion for new trial to file notice of appeal). Because appellant has not demonstrated that his late notice of appeal was the result of inadvertence, mistake, or mischance, we conclude that he has not reasonably explained the need for an extension of time to file his notice of appeal and we are unable to imply an extension. *See Torres*, 2022 WL 17346208, at *3.

We dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.