NO. 07-04-0315-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 18, 2004

_____

KERWIN GIBBS, APPELLANT

V.

ALLSUP ENTERPRISES, INC., APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A33080-0310; HONORABLE ROBERT KINKAID, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Kerwin Gibbs appeals from an adverse summary judgment. Determining that he did not reasonably explain the need for an extension of time to file his late-filed notice of appeal, we dismiss for want of jurisdiction.

The 64th District Court of Hale County granted summary judgment in favor of Allsup's Enterprises, Inc., and against Kevin Gibbs. Gibbs filed a motion for new trial which was overruled as a matter of law. He filed his notice of appeal late, but within 15 days after the deadline for filing the notice. See TEX. R. APP. P. 26.3.[1] Accompanying the late-filed notice of appeal was a motion to enlarge time for filing of notice of appeal which we deemed to be a motion for extension of time to file the notice of appeal. Pursuant to direction of the court, Gibbs filed further documentation explaining his need for an extension of time. See Verburgt v. Dorner, 959 S.W.2d 615, 617-18 (Tex. 1997).

Gibbs' explanation for failing to timely file his notice of appeal is that his attorney was waiting to review the trial court's order overruling his motion for new trial, after which his attorney was to confer with him and a final decision would be made about whether to appeal. The trial court, however, did not enter an order overruling the motion for new trial.

Gibbs does not set out facts as to when he and his attorney made the final decision to appeal. It is apparent from his motion to enlarge time for filing notice and subsequently-filed affidavit from his attorney, however, that once a final decision to appeal was made, the notice of appeal was filed.

A "reasonable explanation" for needing an extension of time to file notice of appeal includes any plausible statement of circumstances indicating that the late filing was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. See Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989). If the decision to delay

---

[1]Further reference to a rule of appellate procedure will be by reference to "TRAP_."

filing notice of appeal until after the appropriate deadline was a deliberate or intentional decision, we may not extend the time for filing a notice of appeal, and we must dismiss for want of jurisdiction.  See Garcia, 774 S.W.2d at 670; Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977); Kidd v. Paxton, 1 S.W.3d 309, 310 (Tex.App.--Amarillo 1999, pet. denied).

Filing of Gibbs' notice of appeal was intentionally delayed until a final decision had been made to appeal.  Such circumstances do not comprise a reasonable explanation for needing an extension of time for filing notice of appeal.  See Garcia, 774 S.W.2d at 670; Meshwert, 549 S.W.2d at 384; Kidd, 1 S.W.3d at 310.

The appeal is dismissed for want of jurisdiction.


Per Curiam