

# MEMORANDUM OPINION

No. 04-08-00531-CV

Olga Regina **GOMEZ**,
Appellant

v.

**CAPITOL COUNTY MUTUAL FIRE INSURANCE COMPANY**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-03593-A
Honorable David A. Berchelmann, Jr., Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Justice
             Karen Angelini, Justice
             Sandee Bryan Marion, Justice

Delivered and Filed:   August 27, 2008

APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL
DENIED; APPELLEE'S MOTION TO DISMISS GRANTED; AND DISMISSED FOR WANT OF
JURISDICTION

    Olga Gomez appeals from an adverse summary judgment granted in favor of Capitol County

Mutual Fire Insurance Company ("Capitol"). Because Gomez intentionally delayed filing her notice

of appeal until after the appropriate deadline had passed, we decline to extend the time for Gomez

to file a notice of appeal and dismiss her appeal for want of jurisdiction.

The trial court signed a final judgment on April 9, 2008, and Gomez filed a timely motion for new trial. Thus, the deadline for Gomez to file a notice of appeal was July 8, 2008. *See* TEX. R. APP. P. 26.1. Gomez filed her notice of appeal 15 days later, on July 23, 2008, along with a motion for extension of time to file the notice of appeal. On July 30, 2008, Capitol filed a response to Gomez's motion for extension of time and motion to dismiss.

When a party files a notice of appeal within 15 days of the deadline for filing the notice of appeal, Texas Rule of Appellate Procedure 26.3 permits the party to file a motion for extension of time to file its notice of appeal. TEX. R. APP. P. 26.3; *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the party must "reasonably explain" its need for an extension. *Verburgt*, 959 S.W.2d at 617. The Texas Supreme Court has recognized that a reasonable explanation is "'any plausible statement of circumstance indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance.'" *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)).

Gomez's extension motion states that she originally filed suit against Capitol and EMC Mortgage Company ("EMC") concerning the payment of insurance proceeds for two parcels of real property, but the trial court severed her suit into two separate actions: one involving her claims against Capitol and one involving her claims against EMC. Gomez's motion asserts that although the trial court severed her claims into two separate actions, she planned to appeal all of her claims together in one appeal because her actions against Capitol and EMC involve similar claims and arise from "the same set of facts, circumstances, and transactions." Her motion indicates that her goal was to streamline the appellate process into as few appeals as possible to "save resources and expenses."

Gomez explains that she delayed filing her notice of appeal of the summary judgment granted in favor of Capitol because the trial court had yet to render a final judgment in her suit against EMC when the notice of appeal was due to be filed.

It is clear that Gomez was aware of the July 8, 2008 deadline to file her notice of appeal, and that she intentionally disregarded such deadline because she was attempting to avoid the expense of having to file separate appeals against Capitol and EMC. Because the decision to delay filing the notice of appeal was deliberate, the explanation provided by Gomez in her motion for extension of time does not constitute a reasonable explanation for needing an extension of time to file the notice of appeal. *See Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 670 (Tex. 1989) (noting that any conduct short of deliberate or intentional noncompliance qualifies as inadvertence or mischance); *Gibbs v. Allsup Enters., Inc.*, 153 S.W.3d 603, 604 (Tex. App.—Amarillo 2004, pet. denied) (per curiam) (concluding explanation was unreasonable where notice of appeal was intentionally delayed until a final decision had been made as to whether or not to appeal).

Accordingly, we deny Gomez's motion for extension of time to file her notice of appeal and grant Capitol's motion to dismiss. The appeal is therefore dismissed for want of jurisdiction.

PER CURIAM