

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00735-CV

Brian C. **SIMCOE**,
Appellant

v.

Thomas **CHRISTOPHER** and Catrina Christopher,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-15519
Honorable Barbara Hanson Nellermoe, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 26, 2014

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final judgment on July 9, 2014. Appellant filed a timely motion for new trial on August 7, 2014. Therefore, the notice of appeal was due to be filed on October 7, 2014. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on October 22, 2014. *See* TEX. R. APP. P. 26.3. Appellant filed his notice of appeal on October 21, 2014.

Although appellant filed his notice of appeal within the fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time. A motion for extension of time is

necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen–day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Doerner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely matter. *See id*; TEX. R. APP. P. 26.3; 10.5(b)(1)(C).

On November 5, 2014, we ordered appellant to file a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. Appellant filed a response to our order stating that he reasonably believed there was a chance that the motion for new trial would be granted, which would render an appeal of the trial court's judgment unnecessary. The response further states that appellant delayed filing of the notice of appeal until after the trial court ruled on his motion for new trial and after considering the financial implications of undertaking an appeal.

The Texas Supreme Court has defined "reasonable explanation" to mean "any plausible statement of circumstances indicating that failure to file . . . was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989) (internal quotations omitted). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance . . . ." *Id*. at 670. In other words, if the decision to delay filing the notice of appeal until after the appropriate deadline was a deliberate or intentional decision, we may not extend the time for filing a notice of appeal, and we must dismiss for want of jurisdiction. *Gibbs v. Allsup Enterprises, Inc.*, 153 S.W.3d 603, 604 (Tex. App.—Amarillo 2004, pet. denied).

Here, because appellant's decision to delay filing the notice of appeal was deliberate, the explanation provided by appellant does not constitute a reasonable explanation for an extension of time to file the notice of appeal. *See Zhao v. Lone Star Engine Installation Ctr.*, No. 05-09-01055-

CV, 2009 WL 3177578, at \*2 (Tex. App.—Dallas 2009, pet. denied) (concluding appellant's decision to delay the filing of her notice of appeal until the trial court disposed of his motion for new trial was not the result of inadvertence, mistake, or mischance, and thus, dismissing appeal for lack of jurisdiction). We, therefore, dismiss this appeal for lack of jurisdiction. *See id.*

PER CURIAM