**Opinion issued December 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

—————————

## NO. 01-15-00916-CV

—————————

**BARRY C. CONNOR, Appellant**

**V.**

**LYNETTE MARIE CONNOR, Appellee**

On Appeal from the 311th District Court
Harris County, Texas
Trial Court Case No. 2013-68896

## MEMORANDUM OPINION

This is an attempted appeal from a divorce decree signed July 14, 2015. A motion for new trial was filed on August 13, 2015, extending the time to file the notice of appeal until October 12, 2015. The notice of appeal was not filed until October 23, 2015.

An appellate court may extend the time to file the notice of appeal if, within 15 days after the due date, the appellant files the notice of appeal and a motion for extension in the appellate court. TEX. R. APP. P. 26.3. Appellant did file a notice of appeal and motion within the 15–day extension period. However, appellant was required to offer a reasonable explanation for the delay in filing the notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). The Texas Supreme Court defines a "reasonable explanation" as "[A]ny plausible statement of circumstance indicating that failure to file [within the required period] was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

In his motion for extension, appellant offered as his excuse that he was "hoping that the trial judge would grant our Motion for New Trial and our Motion to Reinstate making this appeal unripe." No other excuse is offered. Appellant indicates he did not timely file his notice of appeal because he was waiting for the trial court to rule on his motion for new trial. He does not indicate he missed the deadline inadvertently or because of "mistake or mischance."

Intentionally waiting for the trial court to hear or rule on a motion for new trial is not a reasonable excuse for untimely filing the notice of appeal. *See Gibbs v. Allsup Enter., Inc.*, 153 S.W.3d 603, 604 (Tex. App.—Amarillo 2004, pet. denied)

(appeal dismissed where appellant intentionally delayed to review trial court order overruling motion for new trial before deciding whether to appeal and appellate court found this intentional delay was not reasonable explanation for needing extension of time to file notice of appeal); *Pasha v. YP Advertising, L.P.*, No. 01-14-00456-CV, 2014 WL 4116456, at *1–2 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, no pet.) (appeal dismissed because appellant's explanation that they believed there was a chance trial court would grant their motion for new trial held to be conscious ignorance of deadline and thus, their failure to file notice of appeal timely was unreasonable); *Allen v. Hinze*, No. 02-13-00466-CV, 2014 WL 787867, at *2 (Tex. App.—Fort Worth Feb. 27, 2014, no pet.) (appeal dismissed because appellant's explanation that she was waiting on trial court to hold hearing and rule on motion for new trial suggests appellant was aware of deadline to file notice of appeal and consciously chose to ignore it); *Zhao v. Lone Star Engine Installation Center, Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *2 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (motion to extend denied and appeal dismissed where appellant's explanation for delay showed appellant was aware of deadline but consciously ignored it in favor of waiting for ruling on motion for new trial).

Because appellant has not presented a reasonable explanation for untimely filing his notice of appeal, we deny the motion for extension of time to file the notice of appeal. Without a timely filed notice of appeal, we have no jurisdiction over the

3

appeal.  TEX. R. APP. P. 25.1(b).  Accordingly, we dismiss the appeal for want of jurisdiction.  Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Higley, Huddle, and Lloyd.

4