

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00166-CV

DALLA K. GUERRIERI, APPELLANT

V.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST,
SERIES 2005-NC3 ASSET BACKED PASS THROUGH CERTIFICATES, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2019-535,857, Honorable J. Phillip Hays, Presiding

August 24, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Dalla K. Guerrieri, attempts to appeal the trial court's order granting summary judgment in favor of Appellee, Deutsche Bank National Trust Company, as trustee for Carrington Mortgage Loan Trust, Series 2005-NC3 Asset Backed Pass through Certificates. Now pending before this Court is Guerrieri's motion to extend the time to file her notice of appeal. We deny the motion and dismiss the appeal for want of jurisdiction.

The trial court signed the "Order Granting Plaintiff's Motion for Summary Judgment" on June 10, 2021. No motion for new trial or motion to modify the judgment was filed. Accordingly, Guerrieri's notice of appeal was due within thirty days after the order was signed, i.e. by July 12, 2021. *See* TEX. R. APP. P. 4.1(a), 26.1(a). Guerrieri filed a notice of appeal on July 20, 2021, followed by the pending motion for an extension of time. In her motion, Guerrieri states that "[t]he notice of appeal was not timely filed because Appellant's counsel did not receive the notice of final judgment until June 15, 2021, even though the judgment was signed June 10, 2021, and Appellant needed time to evaluate whether filing a notice of appeal was in her best interests."

Under Rule of Appellate Procedure 26.3, an appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline, the appellant files a notice of appeal and a motion seeking an extension of time. The motion must reasonably explain the need for the extension. TEX. R. APP. P. 10.5(b), 26.3. A reasonable explanation is any plausible statement of circumstances indicating that the failure to file the notice of appeal within the required time period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance. *Id.* at 670.

Guerrieri's first reason for showing her failure to timely file a notice of appeal suggests her counsel made a mistake in calculating the deadline based on the date counsel received the final judgment rather than when the judgment was signed. However, even if we were to calculate the appellate deadline considering counsel's five-day error, the notice of appeal is still untimely. *See Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex. App.—

2

Amarillo 1999, no pet.) (denying motion for rehearing following dismissal of untimely appeal despite counsel's explanation that he miscalculated the perfection deadline; even if the court extended the appellate deadlines by the requisite time to accommodate counsel's error, the notice of appeal was nevertheless untimely).

Guerrieri's other explanation for her untimely notice of appeal does not demonstrate her failure was the result of inadvertence, mistake, or mischance. *See Amegy Bank of Tex. v. Titan Servs., LLC*, No. 02-09-00420-CV, 2010 Tex. App. LEXIS 149, at *3 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (per curiam) (mem. op.). Rather, her explanation shows that she made a conscious decision to delay filing her notice of appeal while she evaluated whether to appeal. Her delay in filing was, thus, the result of a deliberate or intentional decision. *See Gibbs v. Allsup Enters., Inc.*, 153 S.W.3d 603, 604 (Tex. App.—Amarillo 2004, no pet.) (concluding that appellant's delay in filing a notice of appeal until after a final decision to appeal had been made was an intentional act).

We, thus, find that Guerrieri has not reasonably explained the need for an extension of time to file her notice of appeal. For this reason, we deny her motion for extension. *See* TEX. R. APP. P. 26.3. Because a timely notice of appeal is essential to invoking our jurisdiction, we have no jurisdiction to consider Guerrieri's untimely appeal. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

Accordingly, we dismiss the purported appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam