NO. 07-08-0124-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 16, 2008

_____


GILBERT ALEXANDER PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18847-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Gilbert Alexander Perez, was convicted by a jury of possession of a controlled substance. On February 5, 2008, a sentence of two years confinement in a state jail facility and a $5,000 fine was imposed. No motion for new

trial was filed and Appellant's notice of appeal was filed on March 19, 2008.  We dismiss for want of jurisdiction.

A notice of appeal is due to be filed with the trial court clerk within thirty days after the day sentence is imposed.  *See* Tex. R. App. P. 26.2(a)(1).  The deadline may be extended if, within fifteen days, the party files the notice in the trial court and a motion in this Court complying with Rule 10.5(b)(2) of the Texas Rules of Appellate Procedure.  *See* Tex. R. App. P. 26.3.  When a notice of appeal and a motion for extension of time are filed within the fifteen-day window, the motion must provide a reasonable explanation for the delay.  *See* Tex. R. App. P. 10.5(b)(1)(C).  A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance."  *See Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977).  *See also Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669-70 (Tex. 1989).

Appellant's sentence was imposed on February 5, 2008.  No motion for new trial having been filed, the deadline in which to file the notice of appeal was March 6, 2008, or applying the fifteen day extension, March 21, 2008, if a motion reasonably explaining the reason for the delay accompanied the notice.  On March 19, 2008, Appellant filed his notice of appeal in the trial court and a *Motion for Extension of Time to File Notice of Appeal* in this Court.  By the motion, however, Appellant's counsel did not offer any

explanation at all for the untimely filed notice of appeal. He merely provided relevant dates and expressed Appellant's desire to appeal his conviction.

By letter dated April 7, 2008, counsel for Appellant was notified of the defect and directed to provide a reasonable explanation for the need for an extension of time no later than April 18, 2008, noting that failure to comply might result in dismissal.[1] In response, on April 11, 2008, Appellant filed his *First Amended Motion for Extension of Time to File Notice of Appeal.* The facts relied on for the extension are:

> (1) [t]he Appellant's appointed trial counsel did not perfect an appeal of the Appellant's cause within thirty (30) days although it was the Appellant's stated desire to appeal the trial and judgment in this cause as personally stated to the undersigned counsel during an interview of March 19, 2008; further
>
> (2) [w]ithout an extension of time given to the Appellant under Rules 10.5(b)(2) and 26.3, Texas Rules of Appellate Procedure, the Appellant will be denied his right to both legally review and contest the trial proceedings which sentenced him to the maximum term of confinement, i.e., two (2) years, in a State Jail Facility.

By the amended motion, Appellant's counsel has not provided a plausible statement indicating that failure to timely file the notice of appeal was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. Without such explanation, we are without jurisdiction to dispose of the appeal in any manner other than by dismissal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). *See also*

---

[1]Rule 44.3 of the Texas Rules of Appellate Procedure requires a reasonable time to correct or amend formal defects or irregularities in appellate procedure before dismissing an appeal.

*Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998).  Additionally, we do not have authority to invoke Rule 2 of the Texas Rules of Appellate Procedure in an effort to obtain jurisdiction of the case.  We cannot create jurisdiction where none exists.  *Slaton*, 981 S.W.2d at 210.

Consequently, the appeal is dismissed for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2]Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007)