NO. 07-10-0083-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 9, 2010

 

______________________________

 

 

SANTIAGO MONTOYA, APPELLANT

 

V.

 

KATRINA CAE MONTOYA, APPELLEE

 

 

_________________________________

 

FROM THE 100TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 10,341; HONORABLE STUART MESSER, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER ON APPELLEE'S MOTION TO DISMISS

            Appellant, Santiago Montoya, filed a
notice of appeal challenging the trial court's order terminating his parental
rights to his child, E.J.G.  The trial
court's order was signed on February 25, 2010, and Appellant's notice of appeal
was filed in the trial court on March 22, 2010.

            On
April 6, 2010, Katrina Cae Montoya filed Appellee's
Motion to Dismiss Appeal alleging Appellant's notice of appeal was untimely
filed.  Appellant filed a response disagreeing.  We overrule Appellee's Motion to Dismiss Appeal for the following reasons.

            A
timely notice of appeal is essential to invoke this Court's jurisdiction.   See In
re A.L.B., 56 S.W. 3d 651, 652 (Tex.App.--Waco 2003, no pet.).  A notice of appeal from a trial court's termination
of parental rights order is accelerated making the notice of appeal due within
twenty days after the order is signed.  See Tex. Fam. Code Ann §§ 109.002 and
263.405(i) (Vernon 2009).  See
also Tex. R. App. P. 26.1(b).  The
filing of a motion for new trial, a post-judgment motion, or a request for
findings of fact and conclusions of law will not extend the time to perfect an
accelerated appeal.  See Tex. R. App. P. 28.1(b). 
See also In re K.A.F., 160
S.W.3d 923, 925-27 (Tex. 2005).  However,
Rule 26.3 of the Texas Rules of Appellate Procedure provides a fifteen day
extension period in which to file the notice of appeal if the notice is filed
in the trial court during that period and a motion for extension of time in
compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure is filed
in this Court.

            The
motion for extension of time is necessarily implied when an appellant acts in
good faith.  See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.1997).  However, it is still necessary for an
appellant to provide a reasonable explanation for failing to timely file the
notice of appeal.  Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1997).  A reasonable explanation includes, but is not
limited to "any plausible statement of circumstances indicating that
failure to file within the [required] period was not deliberate or intentional
but was the result of inadvertence, mistake or mischance" even if that
conduct can also be characterized as professional negligence.  See Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669-70 (Tex. 1989)
citing Meshwert v. Meshwert,
549 S.W.2d 383, 384 (Tex. 1977).  See also Hone v. Harafin,
104 S.W.3d 884, 886-87 (Tex. 2003) (reaffirming liberal standard for reviewing
a reasonable explanation and noting that "any conduct short of deliberate
or intentional noncompliance qualifies as inadvertence, mistake or mischance").

            In
the underlying case, the termination order was signed on February 25, 2010,
making the notice of appeal due on or before March 17, 2010.  Adding the fifteen day extension provided by
Rule 26.3 and implying a motion for extension of time, the last possible date
to file the notice of appeal was April 1, 2010. 
According to the limited documents before us, Appellant filed his notice
of appeal on March 22, 2010, well within the extended deadline.

            Appellant
filed a motion for extension of time in this Court on April 5, 2010, requesting
an extension of time in which to file his notice of appeal.[1]  The envelope reflects a postmark of April 1,
2010, making the motion timely.  See Tex. R. App. P. 9.2(b)(1).  Notwithstanding
the motion filed in this Court, Verburgt necessarily
implied a motion for extension of time when Appellant filed his notice of
appeal in the trial court on March 22, 2010. 
959 S.W.2d at 617.  The only remaining requirement for Appellant
to satisfy was providing a reasonable explanation for the untimely notice of
appeal.  In the motion for extension of
time, Appellant postulates that he mistakenly believed the date of signing for
the termination order to be February 28, 2010, instead of February 25, 2010,[2]
making the deadline March 20, 2010, two days before the notice of appeal was
actually filed in the trial court.  

            In
applying the fifteen day extension period and accepting Appellant's reasonable
explanation in his motion for extension of time for the untimely notice of
appeal, we conclude the notice of appeal filed in the trial court on March 22,
2010, invoked this Court's jurisdiction over this appeal.  That said, Appellee's Motion to Dismiss Appeal is overruled and the appeal
will proceed in due course according to the timetables for accelerated appeals.

 

 

                                                                                    Per Curiam

 

 











[1]The
Certificate of Conference reflects that Appellee opposes the motion.

 





[2]We
note that February 28, 2010, fell on a Sunday.