

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00241-CV

_____

SOUTH PLAINS LAMESA RAILROAD, LTD.
and LARRY DALE WISENER, APPELLANTS

V.

KITTEN FAMILY LIVING TRUST, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No.2005-529,345; Honorable William Sowder, Presiding

August 26, 2013

## ORDER

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to the authority of Rule 26.3 of the Texas Rules of Appellate Procedure, Appellee, the Kitten Family Living Trust, seeks an extension of time to file its notice of a cross appeal in this cause. Appellee also requests this Court to recognize the appearance of Gary Bellair as counsel for Appellee and to designate Patrick C. Simek

as Appellee's lead counsel pursuant to Rule. 6.1 of the Texas Rules of Appellate Procedure. We grant the relief requested.

LATE NOTICE OF APPEAL

On April 23, 2013, the trial court rendered an appealable judgment in Cause No. 2005-529,345. On May 2, 2012, Appellants, South Plains Lamesa Railroad, Ltd. and Dale Wisener, timely filed a motion for new trial, thereby extending the deadline for filing a notice of appeal until Monday, July 22, 2013. *See* TEX. R. APP. P. 26.1(a) (notice of appeal must be filed within 90 days after the judgment is signed if any party timely files a motion for new trial). On July 19, 2013, Appellants timely filed their notice of appeal, thereby extending the deadline for filing Appellee's notice of cross appeal until Friday, August 2, 2013. *See* TEX. R. APP. P. 26.1(d) (if any party timely files a notice of appeal, any other party may file a notice of appeal within the period provided by Rule 26.1(a) or 14 days after the first filed notice of appeal, whichever is later).

On August 6, 2013, Appellees filed an untimely notice of appeal. A timely notice of appeal is essential to invoke our appellate jurisdiction. *See* TEX. R. APP. P. 25.1(b). *See generally Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). An appellate court may, however, extend the time for filing notice of appeal if a party files in the trial court a notice of appeal and files in the appellate court a motion complying with Rule 10.5(b)(2) no later than 15 days after the deadline for filing the notice. *See* TEX. R. APP. P. 26.3. Rule 10.5(b)(2) requires that the motion "reasonably explain" the need for an extension. Here, Appellee attempted to meet the requirements of Rules 10.5(b)(2) and 26.3 by filing a motion with this Court on August 7, 2013. The facts relied on to reasonably

explain the need for an extension are that Appellee's trial counsel wished to confer with another attorney before filing notice of appeal, but was prevented from doing so due to the busy schedule of the conferring attorney. The motion implies that Appellee's trial counsel was mistaken as to whether "at least one of the potential issues [discussed] necessitates the filing of a cross-appellant's notice of appeal." While an explanation that shows a conscious or strategic decision to wait to file a notice of appeal is not reasonable, *Beebe v. City of San Antonio*, No. 04-13-00134-CV, 2013 Tex. App. LEXIS 6831, at *2 (Tex.App.—San Antonio June 5, 2013, no pet.), for purposes of Rule 10.5(b)(2), an explanation is "reasonable" if it "indicate[s] that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)).

Based on the information provided, we find that this explanation was sufficiently reasonable to warrant an extension. The motion indicates that Appellee's failure to timely file notice of appeal was not deliberate or intentional, but was the result of counsel's mistaken belief that a notice of appeal was unnecessary. Accordingly, we grant the motion for extension of time to file the notice of appeal.

APPEARANCE OF COUNSEL AND DESIGNATION OF LEAD COUNSEL

In addition to seeking an extension of time to file notice of appeal, Appellee's motion requests that we recognize the appearance of Gary Bellair as counsel for Appellee pursuant to Rule 6.2 of the Texas Rules of Appellate Procedure, and that we designate Patrick C. Simek as lead counsel pursuant to Rule 6.1. That relief is granted.

3

Accordingly, we order the Clerk of this Court to note on the docket Bellair's appearance and Simek's designation as lead counsel.

It is so ordered.

Per Curiam