**DISMISS and Opinion Filed October 12, 2020**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-20-00841-CV

**CAREINGTON INTERNATIONAL CORPORATION, Appellant**
**V.**
**FIRST CALL TELEMEDICINE, LLC, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-02335-2019**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Molberg
Opinion by Chief Justice Burns

Before the Court is appellant's motion to extend time to file its notice of accelerated appeal from the trial court's interlocutory order granting appellee's special appearance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7); TEX. R. APP. P. 28.1(a). The notice of appeal was filed outside the twenty-day deadline set by Texas Rule of Appellate Procedure 26.1(b) but within the fifteen-day extension period provided by appellate rule 26.3. *See* TEX. R. APP. P. 26.1(b), 26.3. Appellant explains in the motion it "waited to file its Notice of Appeal to allow the trial court to consider and rule upon . . . its Motion for Reconsideration."

The timely filing of a notice of appeal is jurisdictional. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g). To obtain an extension for filing a notice of appeal, the party appealing must offer a reasonable explanation for the delay in filing. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b). The Texas Supreme Court has defined a "reasonable explanation" as "[a]ny plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance[.]" *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

We have previously concluded that intentionally waiting for a trial court to hear a motion for new trial is not a reasonable explanation. *See Daniel v. Daniel*, 05-17-00469-CV, 2017 WL 2645432, at *1 (Tex. App.—Dallas June 20, 2017, no pet.) (mem. op.); *Zhao v. Lone Star Engine Installation Ctr., Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1, 2 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (per curiam) (mem. op.).

Accordingly, we deny the extension motion and dismiss the appeal.  *See* Tex.

R. App. P. 42.3(a); *Brashear,* 302 S.W.3d at 545.


/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

200841F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAREINGTON INTERNATIONAL
CORPORATION, Appellant

No. 05-20-00841-CV  V.

FIRST CALL TELEMEDICINE,
LLC, Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-02335-
2019.
Opinion delivered by Chief Justice
Burns, Justices Whitehill and
Molberg participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee First Call Telemedicine, LLC recover its costs, if any, of this appeal from appellant Careington International Corporation.

Judgment entered October 12, 2020.