**GRANT; VACATE; REINSTATE and Opinion Filed November 23, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-20-00841-CV

**CAREINGTON INTERNATIONAL CORPORATION, Appellant**

**V.**

**FIRST CALL TELEMEDICINE, LLC, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-02335-2019**

## MEMORANDUM OPINION ON MOTION FOR REHEARING
Before Chief Justice Burns, Justice Whitehill, and Justice Molberg
Opinion by Chief Justice Burns

We dismissed this accelerated appeal, filed within the extension period provided by Texas Rule of Appellate Procedure 26.3, as untimely after concluding appellant's one-sentence explanation for the delay in filing the notice of appeal was not reasonable. *See* TEX. R. APP. P. 10.5(b), 26.3(b). The explanation appellant provided in its extension motion was that it "waited to file its Notice of Appeal to allow the trial court to consider and rule upon . . . its Motion for Reconsideration."

Before the Court is appellant's October 27, 2020 motion for rehearing. In the motion, appellant asserts the explanation provided in its extension motion was

"incomplete" and offers a more detailed explanation for the delay in filing the appeal. Appellant explains the delay was not based on a deliberate or intentional failure to comply with the appellate rules and deadlines but was the result of counsel's mistake. According to appellant, counsel researched the deadline to file the notice of appeal within one week of the appealed order being signed and determined appellant had twenty days from the date the order was signed to perfect an appeal or, with a "rudimentary" extension motion, thirty-five days. Although a motion for extension of time to file a notice of appeal requires that a "reasonable explanation" be provided for the delay in filing the appeal, *see* TEX. R. APP. P. 10.5(b), 26.3, counsel did not "research what constitutes a 'reasonable explanation'" and assumed an extension "would be routinely and automatically granted." Appellant's extension motion was, therefore, "fairly cursory and did not include a thorough or detailed explanation of the need for the extension." Appellant asserts it "always" intended to appeal and, although the denial of the motion for reconsideration "triggered" the filing, appellant believed the appeal could be filed without a problem within thirty-five days of date the appealed order was signed.

The Texas Supreme Court has defined a "reasonable explanation" for extension purposes as "[a]ny plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383,

384 (Tex. 1977)). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance[.]" *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

Although intentionally waiting for a trial court to hear a motion for new trial is not a reasonable explanation for delaying an appeal, *see Daniel v. Daniel*, 05-17-00469-CV, 2017 WL 2645432, at *1 (Tex. App.—Dallas June 20, 2017, no pet.) (mem. op.), we conclude that the more detailed explanation appellant provides in the motion for rehearing demonstrates the delay here was not deliberate or intentional. Accordingly, we **GRANT** the motion. We **VACATE** our October 12, 2020 opinion and judgment and **REINSTATE** the appeal.

As the appellate record has been filed, we **ORDER** appellant to file its opening brief no later than December 14, 2020.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200841NF.P05