**DISMISS and Opinion Filed April 28, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00145-CV**

**SAMIR DAOUDI, Appellant**
**V.**
**ABDULRHMAN M. KLALIB, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17213**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

Before the Court is appellant's motion for extension of time to file his notice

of appeal from the trial court's summary judgment. The notice of appeal was filed

outside the ninety-day deadline set by Texas Rule of Appellate Procedure 26.1(a),

applicable when, as here, a motion for new trial or reconsideration is filed, but within

the fifteen-day extension period provided by appellate rule 26.3. *See* TEX. R. APP.

P. 26.1(a)(1), 26.3. Appellant explains in the motion that the notice of appeal was

not timely filed because he "was awaiting the decision of the trial court on his Motion

for Reconsideration and the expiration of the trial court's plenary power over this

case." Appellee opposes the motion, asserting appellant's explanation is not reasonable. We agree with appellee.

The timely filing of a notice of appeal is jurisdictional. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g). To obtain an extension for filing a notice of appeal, the party appealing must offer a reasonable explanation for the delay in filing. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b). The Texas Supreme Court has defined a "reasonable explanation" as "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance[.]" *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

We have previously concluded that intentionally waiting for a trial court to hear a motion for new trial is not a reasonable explanation. *See Daniel v. Daniel*, 05-17-00469-CV, 2017 WL 2645432, at *1 (Tex. App.—Dallas June 20, 2017, no pet.) (mem. op.); *Zhao v. Lone Star Engine Installation Ctr., Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1, 2 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (per curiam) (mem. op.). Accordingly, we deny the extension motion and dismiss the

appeal and all other pending motions for want of jurisdiction.  *See* TEX. R. APP. P.

42.3(a); *Brashear,* 302 S.W.3d at 545.


/Craig Smith/
CRAIG SMITH
JUSTICE

210145F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

SAMIR DAOUDI, Appellant

No. 05-21-00145-CV          V.

ABDULRHMAN M. KLALIB,
Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-17213.
Opinion delivered by Justice Smith,
Justices Molberg and Goldstein
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Abdulrhman M. Klalib recover his costs, if any, of this appeal from appellant Samir Daoudi.

Judgment entered April 28, 2021.

–4–