# Supreme Court of Texas

No. 23-0686

In the Interest of S.V., a Minor Child

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

Texas Rule of Appellate Procedure 26.3 authorizes an appellate court to extend the time to file a notice of appeal if, within 15 days of the deadline, the party files the notice of appeal in the trial court and files a motion complying with Rule 10.5(b) in the appellate court. Rule 10.5(b) requires the motion to include, among other things, "the facts relied on to reasonably explain the need for an extension." TEX. R. APP. P. 10.5(b)(2)(A); 10.5(b)(1)(C).

In this context, a reasonable explanation includes "any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977) (applying Rule 26.3's predecessor). The "proper focus . . . is on a lack of deliberate or intentional failure to comply." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex.

1989).  "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance . . . ." *Id.*

Venky Venkatraman, a pro se litigant, missed the deadline to file a notice of appeal but filed a Rule 26.3 motion within the time permitted by the rule.  His explanation was that he mistakenly believed a notice of appeal was not required until after the trial court ruled on his post-judgment motions.  The court of appeals denied the Rule 26.3 motion and dismissed the appeal.  Because all indications are that Venkatraman's mistaken understanding of the notice-of-appeal deadline was just that—a mistake—and not a deliberate failure to comply with the rules, his Rule 26.3 motion should have been granted. We therefore reverse the court of appeals' judgment and remand the case to that court.

The relevant factual and procedural background is straightforward.  Jyoti Masurekar sought to enforce a child-support order against Venkatraman, her ex-husband.  On December 28, 2022, the trial court rendered judgment for Masurekar.  On January 9, 2023, Venkatraman, proceeding pro se, filed a "Motion for Judgment Nunc Pro Tunc or to Reform Judgment."  On January 27, he filed a "Motion to Modify Judgment or for Reconsideration."  After a hearing, the trial court denied these motions on April 3, 2023.

The next day, April 4, Venkatraman filed a notice of appeal.  His motions to modify the judgment had expanded his notice-of-appeal deadline to 90 days after the judgment was signed.  *See* TEX. R. APP. P. 26.1(a).  However, because the judgment was signed on December 28, 2022, he had already missed the 90-day deadline by seven days.  After

court staff notified him of his error, Venkatraman timely filed a Rule 26.3 motion in the court of appeals, in which he explained that he waited for rulings on his post-judgment motions before immediately filing his notice of appeal.

The court of appeals denied the motion. ___ S.W.3d ___, 2023 WL 4247370, at *1 (Tex. App.—Dallas June 29, 2023). It correctly recited the legal standard for granting an extension but concluded that Venkatraman's "conscious delay" in filing while waiting for a ruling on his post-judgment motions was not a reasonable explanation. *Id.* (citing *Daoudi v. Klalib*, No. 05-21-00145-CV, 2021 WL 1660644, at *1 (Tex. App.—Dallas Apr. 28, 2021, no pet.)). Venkatraman, still pro se, filed a petition for review in this Court.

The court of appeals equated Venkatraman's conscious decision to wait to file his notice of appeal until the trial court ruled on his post-judgment motions with a conscious or strategic decision to let the notice-of-appeal deadline pass. But the former is not necessarily the latter. As we have held before, the "proper focus . . . is on a lack of deliberate or intentional failure to comply" with the rules, and "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance." *Garcia*, 774 S.W.2d at 670. There is no indication that Venkatraman made a strategic choice or otherwise sought any advantage by waiting until the trial court ruled on his post-trial motions. To the contrary, all signs point to a genuine misunderstanding of the deadlines by a pro se litigant.

That is not to say that Venkatraman's lack of an attorney alters the legal standard. "Pro se litigants are not exempt from the rules of

3

procedure." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). The "reasonable explanation" standard looks to the subjective intentions of the person responsible for the missed deadline, whether or not that person is a lawyer. There is no claim or evidence here that Venkatraman intended to violate the rule or to gain an advantage by waiting for the trial court to rule on his post-judgment motions.

Attorneys may make genuine mistakes when calculating deadlines, and when they do, Rule 26.3 provides a brief, fifteen-day reprieve.[1] Pro se litigants unaware of or mistaken about appellate deadlines are entitled to the same treatment.[2] Whether a party is represented or pro se, courts should ask whether the missed deadline resulted from a genuine mistake rather than from a deliberate decision to let the deadline pass. Courts of appeals applying this standard should do so in light of the general principle that "[w]e construe the Rules of Appellate Procedure liberally, so that decisions turn on substance rather than procedural technicality." *Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex.

---

[1] *See Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003) ("[W]e are unwilling to hold that a party confused about the law is prohibited from having such confusion serve as a reasonable explanation[.]"); *see also Vandemark v. Jimenez*, No. 01-09-00168-CV, 2010 WL 1241287, at *3 (Tex. App.—Houston [1st Dist.] Apr. 1, 2010, no pet.) (attorney's miscalculation of deadline was reasonable explanation); *Monroy v. Estrada*, No. 08-03-00381-CV, 2004 WL 1426961, at *3 (Tex. App.—El Paso June 24, 2004, no pet.) (attorney's misunderstanding of the date from which the deadline would run was reasonable explanation); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.) (per curiam) (attorney's mistaken belief that a motion for new trial extended the notice-of-appeal deadline was a reasonable explanation).

[2] It appears to the Court that Venkatraman may be an attorney licensed by the State of New York. Whether or not that is the case, the record contains no indication that he missed the original notice-of-appeal deadline because of a conscious or deliberate decision to do so, rather than because of a mistake.

2004). Whether the question is compliance with Rule 26.3 or with any other procedural requirement, "appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

In the absence of any argument or evidence that Venkatraman intentionally disregarded the rules or sought some advantage by waiting for the trial court to decide his post-judgment motions, his unrebutted explanation that he simply misunderstood the rules satisfies the requirements of Rules 10.5 and 26.3. The court of appeals should therefore have granted his motion for an extension of time to file his notice of appeal.

For the foregoing reasons and without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and remand to the court of appeals for further proceedings.

**OPINION DELIVERED:** August 30, 2024