

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00188-CV
_____

TERESA SHIPPY, APPELLANT

V.

TRAVIS BOYD, INDEPENDENT EXECUTOR OF THE ESTATE
OF DANIEL ALLEN BOYD, DECEASED, APPELLEE

On Appeal from the 84th District Court
Hansford County, Texas
Trial Court No. CV-05667, Honorable Curt Brancheau, Presiding

September 19, 2022

## ORDER

Before QUINN, C.J., and PARKER and DOSS, JJ.[1]

Pending before the court are the motions of Travis Boyd, Independent Executor of

the Estate of Daniel Allen Boyd, to dismiss the appeal and extend the deadline to file his

---

[1] Justice Doss not participating.

appellee's brief. He contends dismissal is appropriate because of the purported untimeliness of Teresa Shippy's notice of appeal.

The record discloses that Shippy filed her notice of appeal within 15 days after the applicable deadline. The deadline fell on June 14, 2022. Though leave was not requested to file it belatedly, such a motion is implied under these circumstances. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that a motion for an extension of time to file a notice of appeal is implied when an appellant tenders a notice of appeal within fifteen days after the notice of appeal deadline). Nevertheless, the appellant must still reasonably explain the delay. *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). And, a reasonable explanation consists of any plausible statement of circumstances indicating that the delay was neither deliberate nor intentional, but rather inadvertent or from mistake or mischance. *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989).

Shippy explained that she began her calculation of the appellate deadline not from the date on which the trial court signed the final summary judgment under attack. Rather, she did so from the date on which the court signed an order quashing a post-judgment notice of deposition, i.e., an order that did not modify the final judgment in any way. Despite the long-settled nature of the law requiring the calculation of the time period to begin on the date the trial court signed the final judgment, her excuse evinces a mistake within the scope of *Garcia* and *Jones*. Consequently, we deny both the motion to dismiss and the implied motion to extend the deadline for filing appellee's brief. Boyd's brief is due thirty days after Shippy's brief is filed.

Per Curiam